## 75216. SMITH v. THE STATE.
### (364 SE2d 907)

BANKE, Presiding Judge.

The appellant was convicted of driving under the influence of alcohol. On appeal, he complains that the trial court erroneously sentenced him for two separate offenses based on the same conduct and erroneously denied his motion to suppress the results of an intoximeter test administered to him following his arrest. *Held*:

1. The appellant's contention that he received two sentences is not borne out by the record, which indicates that he was tried, convicted, and sentenced for a single count of driving under the influence of alcohol. See generally OCGA § 40-6-391.

2. The appellant's contention that the results of his intoximeter test should have been suppressed is based on his contention that an unspecified regulation of the Division of Forensic Services of the Georgia Bureau of Investigation was not followed in that he was not held under observation or for at least 20 minutes prior to the administration of the test.

Initially, we note that a motion to suppress is not a proper procedural device for raising a challenge to the admissibility of a blood-alcohol test based merely on non-compliance with agency regulations governing the administration of such tests. See *State v. Johnston*, 249 Ga. 413, 414 (3) (291 SE2d 543) (1982). A trial court would nevertheless be authorized to reach the merits of a motion to suppress predicated on such grounds by treating it as a motion in limine. Id. at 415. However, an examination of the appellant's motion to suppress reveals that it was not predicated on any alleged regulatory violation but was based solely on the arresting officer's alleged failure to advise him of his right to an independent test of his blood, breath, or urine. See generally OCGA § 40-6-392 (a) (4). As the appellant no longer asserts such a statutory violation on appeal, it follows that this enumeration of error presents nothing for review. Moreover, a review of the evidence reveals that the test in question was in fact administered to the appellant more than 20 minutes following his arrest. While the arresting officer testified that it was not feasible to keep the appellant under observation during this entire period due to the need to clear the accident scene, there is no testimony whatever which would suggest that the appellant consumed any additional alcohol during this period. Certainly, he himself offered no testimony to that effect. Ac-

cordingly, this contention would present no ground for reversal even had it been properly raised in the lower court.

*Judgment affirmed. Carley and Benham, JJ., concur.*

DECIDED JANUARY 13, 1988.

*B. H. Baldwin*, for appellant.
*Malcolm F. Bryant, Solicitor*, for appellee.