77349. MAYS v. THE STATE.
(378 SE2d 145)

BIRDSONG, Judge.
Jack R. Mays brings this appeal from his convictions for the offenses of driving under the influence (DUI) and habitual violator. In a bench trial, Mays entered a plea of guilty to the DUI offense and not guilty of the habitual violator offense. Evidence introduced at the trial showed Mays had been convicted of three prior traffic offenses within the period August 3, 1979 and May 5, 1984. On August 16, 1984, the Georgia Department of Public Safety (Department) notified Mays that his "license and *privilege to operate a motor vehicle in this State is revoked* for a period of (5) five years from 08-16-84 . . . ." (Emphasis supplied.)

It was stipulated that at approximately 11:35 p.m. on the evening of March 9, 1987, a police officer observed appellant driving west on State Highway 317 in his car and he crossed the centerline for approximately 50 feet. The officer stopped the car and when appellant stepped from his car, he was staggering and had a strong odor of alcohol about his person. The officer asked for his driver's license and appellant said he did not have one. It was further stipulated that "[a]t no time did the Defendant apply for or have a Georgia driver's license or a driver's license from any other state." Prior to appellant being declared a habitual violator, the Department had assigned him

the number "980259189" and the notification to appellant of his status as habitual violator designated his "Lic. No. 980259189" and advised him that his "license and privilege to operate a motor vehicle in this State is revoked for a period of (5) five years from 08-16-84." The attached Departmental records showed the traffic history of "Mays Jack Rudolf," "License No: 980259189," "License: Unlicensed." Other portions of the Department's records showed the same "License No. 980259189" but listed Mays' license status as "expired." The trial court found appellant guilty of both offenses. Mays filed this appeal. *Held*:

According to counsel and our research, this is an issue of first impression. Appellant presented a technical argument to the trial court, and to this court on appeal, i.e., that punishment for the offense of "habitual violator" may be imposed only "after such person has received notice that his *driver's license* has been revoked" (emphasis supplied) (OCGA § 40-5-58 (c)), and because Mays has never had a driver's license, he cannot be convicted of this offense. However, we view the issue presented as whether punishment for a felony under OCGA § 40-5-58 (c) may lawfully be imposed upon a traffic offender who has been convicted of three prior traffic offenses during a five-year period, but who does not now, and has never had, a driver's license. We discern a distinction between the actual issue and the issue phrased by appellant.

The "habitual violator" statute, OCGA § 40-5-58, sets forth a statutory scheme as follows: (a) A "habitual violator" is "any person who has been arrested and convicted within the United States . . . [t]hree or more times within a five-year period of time, as measured from the dates of previous arrests for which convictions were obtained . . . ." (b) When the Department's records disclose that a person "is a habitual violator as defined in subsection (a) . . . the department shall forthwith notify such person that upon the date of notification such person has been declared by the department to be a habitual violator, and that henceforth it shall be unlawful for such habitual violator to operate a motor vehicle in this state unless otherwise provided in this Code section . . . . In the event that at the time of determination the habitual violator had been issued a driver's license, such license shall be revoked by such notice. . . ." (c) "Except as provided in subsection (e) of this Code section [not in issue in the instant case], it shall be unlawful for any person to operate any motor vehicle in this state after such person has received notice that his driver's license has been revoked as provided in subsection (b) of this Code section. . . ."

From a review of the statute as a whole, it is evident that it is not necessary for a traffic offender to possess a driver's license to be classified as "habitual offender." The statutory definition requires only

that the offender be "convicted within the United States . . . [t]hree or more times within a five-year period. . . ." OCGA § 40-5-58 (a). Secondly, subsection (b) notification to such "habitual violator as defined in subsection (a)" will include notice "that henceforth it shall be unlawful for such habitual violator to operate a motor vehicle in this state unless otherwise provided in this Code section." Thus, it is not necessary that a traffic offender have a driver's license to be classified a "habitual violator," and when such habitual violator is notified of his classification, what is suspended is his right "to operate a motor vehicle in this state." Moreover, the legislature also envisioned that a "habitual violator" might not have a license, for it mandated: "In the event . . . the habitual violator had been issued a driver's license, such license shall be revoked by such notice. . . ." OCGA § 40-5-58 (b). "It is a well-established principle that a statute must be viewed so as to make all its parts harmonize and to give a sensible and intelligent effect to each part." *Houston v. Lowes of Savannah*, 235 Ga. 201, 203 (219 SE2d 115). Accordingly, OCGA § 40-5-58 (c) could be interpreted as follows: "Any person declared to be a habitual violator and whose [permission to drive] has been revoked under this Code section and who is thereafter convicted of operating a motor vehicle [before the Department . . . has issued such person a driver's license or before the expiration of five years from such revocation, whichever occurs first] shall be punished" as authorized. Reading the statute as a whole (*Hargrove v. State*, 253 Ga. 450, 452 (321 SE2d 104)), giving meaning to each part, and harmonizing the different parts (*Houston*, supra), and giving effect to the obvious intent of the legislature (*Sirmans v. Sirmans*, 222 Ga. 202, 204 (149 SE2d 101)), we cannot envision the legislature intending to exclude a recidivist from inclusion in the category of "habitual violator" status, or from punishment as a "habitual violator" because the offender fails or refuses to apply for a driver's license.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED JANUARY 24, 1989.

*Pruitt & Britt, Walter M. Britt*, for appellant.
*Thomas C. Lawler III, District Attorney, Allyson F. Baillus, Assistant District Attorney*, for appellee.