A93A1082. THE STATE v. ROE.
(438 SE2d 186)

BEASLEY, Presiding Judge.

The State appeals as permitted by OCGA § 5-7-1 (4) from an order granting defendant's motion to suppress. He is charged with being a habitual violator of motor vehicle laws. OCGA § 40-5-58 (c).

1. Because there was no physical evidence sought to be introduced, defendant's motion is more accurately denominated a motion in limine to exclude the officer's testimony based on the alleged constitutional violation. Substance, not title, controls. *Goswick v. State*, 150 Ga. App. 279, 280 (1) (257 SE2d 303) (1979). The trial court properly reached the merits by treating the motion as one in limine. See generally *State v. Johnston*, 249 Ga. 413 (3) (291 SE2d 543) (1982), and *Smith v. State*, 185 Ga. App. 531 (2) (364 SE2d 907) (1988), where motions to suppress intoximeter test results were treated in this manner.

As to the right of appeal under OCGA § 5-7-1 (4), "if a defendant moves before trial to exclude evidence on the ground that it was obtained in violation of law, the grant of such a motion — whatever its name — is subject to direct appeal on the part of the state." *State v. Strickman*, 253 Ga. 287, 288 (319 SE2d 864) (1984). See also *State v. McKenna*, 199 Ga. App. 206 (404 SE2d 278) (1991).

2. The question is whether the officer legitimately discovered the incriminating evidence. It stemmed from a stop of the driver-defendant and an inquiry for identification and an explanation for defendant's presence.

The sole witness at the suppression hearing was a police officer who stopped defendant's car and, based on information obtained from him and checked, arrested him for driving as a habitual violator. Defendant contended that the stop violated his Fourth Amendment rights against unreasonable seizure. He did not raise the state constitution as a shield, so there was no ruling on what could have been an independent state ground. See *Hayes v. State*, 202 Ga. App. 204, 207 (414 SE2d 321) (1991) (Beasley, J., concurring specially); *Taylor v. State*, 177 Ga. App. 624, 627 (3) (340 SE2d 263) (1986).[1]

The evidence is undisputed that the officer stopped Roe to inves-

---

[1] On the use and development of independent state constitutional grounds, see especially Robert F. Williams, State Constitutional Law: Cases and Materials, 2d ed., The Michie Co., Charlottesville, Virginia (1993).

tigate. She was suspicious that he might have burglary in mind, because of his actions and because of recent burglaries in the vicinity. She thought that the other possibilities were that he was lost and needed direction or just could not find the house he was looking for.

The trial court applied the wrong standard in deciding the issue. The court twice stated, in ruling, that it thought the officer acted properly in stopping defendant, but that the evidence was inadmissible on the charge of driving as a habitual violator because such a charge was not related to the purpose of the stop. This is an error of law. See, e.g., *Mays v. State*, 190 Ga. App. 390 (378 SE2d 145) (1989), where the driver was stopped for driving under the influence and the driver was prosecuted also for being a habitual violator, an offense which came to the attention of the officer *after* the stop. See also *Baker v. State*, 257 Ga. 567 (361 SE2d 808) (1987), where defendant was stopped for driving with no taillights and was charged also with being a habitual violator; and *Ragan v. State*, 191 Ga. App. 374, 375 (2) (381 SE2d 589) (1989).

The "right for any reason" rule does not apply when the court " 'acts upon an erroneous legal premise.' " *Plant v. Trust Co. of Columbus*, 164 Ga. App. 387, 388 (297 SE2d 37) (1982); *Smith v. Andrews*, 139 Ga. App. 380 (228 SE2d 320) (1976). See also *All Phase Elec. Supply Co. v. Foster & Cooper, Inc.*, 193 Ga. App. 232, 233-234 (2) (387 SE2d 429) (1989).

Furthermore, given only a cold transcript, we cannot hold as a matter of law that the stop was invalid and so uphold the ruling on that basis. The case must be remanded for the court to rule on the reasonableness of the stop (seizure). The trial court is the finder of fact on motions to suppress evidence. OCGA § 17-5-30 (b); *Williams v. State*, 204 Ga. App. 372, 374 (419 SE2d 351) (1992). It, rather than we, must judge the credibility of the witnesses and the weight of the evidence. *Williams v. State*, 256 Ga. 609, 610 (1) (351 SE2d 454) (1987). See also *Duckett v. State*, 206 Ga. App. 651 (426 SE2d 271) (1992), where we remanded to the trial court "as the finder of fact . . . [to] make the credibility decision it avoided earlier based on an erroneous belief regarding what the law requires." Id. at 653.

*Judgment reversed and case remanded with direction. Cooper and Smith, JJ., concur.*

DECIDED NOVEMBER 23, 1993.

*Britt R. Priddy, District Attorney, Francis D. Hand, Jr., Assistant District Attorney*, for appellant.

*Jones & Jones, L. Earl Jones, Stefanie O. Jones*, for appellee.