## A94A1329. CROSBY v. THE STATE.
(449 SE2d 147)

RUFFIN, Judge.

Appellant was convicted of driving under the influence in a bench trial. He appeals from the judgment of conviction and sentence, raising as his sole enumeration of error the trial court's failure to suppress evidence of the level of his intoxication.

Officer Kemp of the Gainesville Police Department testified that he observed appellant's vehicle as it passed in front of the police precinct around midnight. He specifically recalled appellant's car because the passengers in the car were looking at him suspiciously as the car passed by. The car turned into an apartment complex known for its high crime rate, and the officer got into his patrol car and followed. When Officer Kemp approached the car, he noticed that the passengers appeared to be looking for something around the complex. The passengers spotted Officer Kemp, and appellant quickly parked the car. Officer Kemp drove past the car, turned around, drove back, and

the car was still there. He then pulled along the side of the car and asked the occupants for identification. Officer Kemp testified that since the complex was the scene of significant criminal drug activity, he had a practice of stopping everyone who either drove through the area without stopping or those who drove through and stopped but did not get out. He indicated that he got out of his car and walked over to appellant's car, primarily to see if they were engaged in any illegal activity.

When appellant rolled the window down, the officer noticed appellant's eyes were bloodshot and alcohol was on his breath. Officer Kemp asked appellant what he was doing, and appellant replied that he was looking for someone named "Tammy." Officer Kemp then requested that appellant step out of the car. Appellant admitted drinking a few beers; his speech was slurred; and he was unsteady on his feet. Horizontal gaze nystagmus and alco-sensor tests indicated appellant was under the influence of alcohol. Appellant was placed under arrest, read the implied consent warning and taken to the police department where he was tested on the Intoximeter 3000 and registered a blood alcohol level of .07 grams. Officer Kemp testified that the blood alcohol level was not consistent with the behavior he observed. He indicated that based on his training, some 800 to 1,000 previous DUI arrests and appellant's condition, he concluded that appellant was a less safe driver because of the alcohol he consumed.

Appellant and his wife admitted they had been drinking and indicated that they went to the complex to drop off "Tammy" and were looking for her when Officer Kemp approached the car. Appellant also testified that Officer Kemp parked at an angle behind appellant's car which prevented them from leaving.

The trial court found appellant guilty of driving under the influence of alcohol and drugs to such an extent that it was less safe for him to drive.

Appellant contends the trial court erred in failing to suppress evidence regarding the level of his intoxication because his arrest was illegal. Appellant argues that the officer did not have an articulable and reasonable suspicion that he was operating the car in an unsafe manner or violating any law before he approached appellant. He also maintains that since he was already parked, the placement of the officer's car, preventing appellant from leaving the scene, and the officer's instruction that appellant roll down his window constituted an illegal seizure.

"Contrary to appellant's contention, it is well established that Officer [Kemp] was not required to have an 'articulable suspicion' before he could approach appellant's stopped vehicle and talk with him. Communications between police and citizens involving no coercion or detention are outside the domain of the Fourth Amendment,

[cit.], and no seizure requiring reasonable suspicion of unlawful activity occurs simply because a police officer approaches an individual and asks a few questions. [Cits.]" *Rogers v. State*, 206 Ga. App. 654, 656-657 (1) (426 SE2d 209) (1992). " 'Even when officers have no basis for suspecting a particular individual, they may generally ask questions of that individual, (cits.); ask to examine the individual's identification, (cits.); and request consent to search . . . , (cit.) — as long as the police do not convey a message that compliance with their requests is required.' [Cit.]" *State v. Westmoreland*, 204 Ga. App. 312 (1) (418 SE2d 822) (1992).

"A person has been seized within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. . . . Factors determinative of whether or not an intrusion or seizure has occurred include but [are] not limited to the lack of interference with the individual's progress, ascertaining whether the individual is willing to cooperate with police before making further inquiries, no display of official authority beyond a statement that the person stopping the individual is a law enforcement officer, and conducting the encounter in an appropriately deferential manner to avoid causing the individual anxiety and fear." (Citations and punctuation omitted.) *O'Donnell v. State*, 200 Ga. App. 829, 831 (1) (409 SE2d 579) (1991).

Considering all the circumstances regarding the encounter, it appears that "appellant was not detained and his movement impaired; rather, appellant was merely approached while voluntarily stopped and . . . appellant was asked routine identification questions in a minimally intrusive manner, which the record reflects he answered readily and without protest." Id. at 832. See also *Rogers*, supra at 657 (1). On the question of whether a reasonable person would have believed he was free to leave the scene, since the trial court was presented conflicting testimony as to where Officer Kemp's vehicle was parked, we find no error in the court's resolution of this issue in favor of the State. See *State v. Akinsonwon*, 200 Ga. App. 287, 289 (407 SE2d 434) (1991). Moreover, once appellant rolled down his window and revealed his bloodshot eyes and the strong odor of alcohol, Officer Kemp had reasonable grounds to conduct an investigative inquiry to determine whether appellant was engaged in criminal activity, e.g., driving under the influence. *O'Donnell*, supra; *Eisenberger v. State*, 177 Ga. App. 673, 675 (2) (340 SE2d 232) (1986). Thereafter, appellant's arrest was proper; thus, we find no error in the admission of evidence of appellant's intoxication.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED OCTOBER 4, 1994.

*Husby, Myers & Stroberg, Edwin A. Capitan,* for appellant.
*Jerry Rylee, Solicitor, Brett D. Turner, Assistant Solicitor,* for appellee.