## S94A0654. EDWARDS v. THE STATE.
### (449 SE2d 516)

Hunt, Chief Justice

Lee Arness Edwards was found guilty of malice murder, armed robbery and burglary in the stabbing death of Walt Bentley.[1] He appeals his convictions, and we affirm.

1. The evidence when viewed in a light most favorable to the verdict would authorize a jury to find that on the morning of March 31, 1987, the body of Walt Bentley was found in the office of the motel which he operated in Ellaville, Georgia, after a customer, who had been alarmed by loud noises coming from the office, called the police. Because of rain which had fallen during the night, police were able to follow an unbroken trail of footprints, which matched those of the shoes worn by Edwards, from the motel room to the house of an individual who testified that Edwards had been at her house early that morning. A restaurant employee told police that Edwards had argued with and threatened the victim the week before the murder. Because the condition of the crime scene indicated that a struggle had occurred, police called area doctors to see if anyone had come to one of them that morning for treatment of wounds. They learned that a doctor had treated Edwards for a laceration of the wrist and that Edwards was, at the time the police called that doctor, in a convenience store across the street from the office. When police officers approached Edwards and informed him that the county sheriff wished to speak with him, Edwards volunteered to go with them. Prior to leaving the store, the police frisked Edwards and found a pistol, later identified as having been in the possession of the victim, in his coat pocket. At this point, Edwards was arrested for firearms violations. As the police prepared to leave with Edwards, the store clerk told the officers that a bag on the floor belonged to Edwards. The police took the bag with them and, upon arrival at the station, conducted a routine inventory of its contents. Inside the bag was $1,300 in currency, one bill of which was stained with blood that was of the same type as that of the victim. This evidence was sufficient to find Edwards guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Edwards argues that the trial court erred in denying his motion to suppress because the officers who made the initial stop, search

---

[1] The crimes occurred on March 31, 1987. On November 23, 1987, a jury convicted Edwards of malice murder, armed robbery and burglary. He was sentenced to a life sentence for malice murder, a consecutive life sentence for the armed robbery, and ten years for burglary, to be served consecutive to the armed robbery count. Motion for new trial was filed on December 15, 1987, and denied on December 3, 1993. Edwards filed notice of appeal in this Court on December 20, 1993. The appeal was docketed on January 31, 1994, and submitted for decision on briefs on April 19, 1994.

and seizure lacked probable cause. In making this argument, Edwards confuses several principles of law. First, police officers do not violate the Fourth Amendment when they approach an individual on the street and converse with him or ask if he will answer some questions. *Florida v. Royer*, 460 U. S. 491, 497 (103 SC 1319, 75 LE2d 229) (1982). Likewise, no seizure has occurred when an individual voluntarily accompanies police in a spirit of cooperation. See *Sibron v. New York*, 392 U. S. 40, 63 (88 SC 1889, 20 LE2d 917) (1968). Thus, when police officers informed Edwards that the sheriff wished to speak with him and when Edwards volunteered, as he testified at trial, to go with the officers, no stop or seizure had occurred and no constitutional rights were implicated. Further, the police did not need probable cause to search Edwards prior to transporting him to the station. The United States Supreme Court has carved out a narrowly drawn exception that authorizes police officers to make for their own protection a reasonable search for weapons when they have reason to believe that an individual is armed and could be dangerous to themselves or others, regardless of whether they have probable cause to arrest the individual for a crime. *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).

In the present case, the police officers knew that a fatal stabbing and robbery had occurred that morning, that Edwards had been at or near the scene of the murder, that he had threatened the victim only a week before, and that he had been treated that morning for a wound. Balancing these facts and the recognition that it is "unreasonable to require that police officers take unnecessary risks in the performance of their duties," *Terry v. Ohio*, supra at 23, against Edwards' rights under the Fourth Amendment, we find that the protective search for weapons made by the police officers was constitutionally permissible. As the search was proper, the police were also authorized to arrest Edwards when they found a pistol concealed on his person. See OCGA § 17-4-20.[2]

3. Edwards also contends that his questioning and confession at the police station violated *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). As this issue is raised for the first time on appeal, it will not be considered here. *Cohran v. Carlin*, 254 Ga. 580, 584 (331 SE2d 523) (1985). Furthermore, as Edwards makes no argument in support of this contention, it must be deemed abandoned pursuant to Supreme Court Rule 45.

4. The remaining enumerations of error are without merit.[3]

---

[2] Edwards does not contest the search of his bag at the police station, acknowledging that inventory searches are both authorized by OCGA § 17-5-2 and also constitutional. *Illinois v. Lafayette*, 462 U. S. 640 (103 SC 2605, 77 LE2d 65) (1983).

[3] Edwards also contends that the court should have recused or disqualified the trial

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 14, 1994.

W. McCall Calhoun, Jr., for appellant.

*John R. Parks, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Rachelle L. Strausner, Assistant Attorney General,* for appellee.

judge, and that the trial court unfairly hampered voir dire.