### A94A1899. BURNS v. THE STATE.
(454 SE2d 152)

POPE, Presiding Judge.

Defendant Elford Jay Burns was arrested for driving under the influence. Defendant filed a motion to suppress evidence, and when the trial court denied said motion, defendant pled guilty. On appeal, defendant's sole enumeration of error is that the trial court erred in denying his motion to suppress. We disagree and affirm.

On September 5, 1993, officers from the Georgia State Patrol and the Georgia Department of Natural Resources set up a road check/license check at the intersection of Black Bluff Road and Highway 100 in Floyd County. The record shows that Black Bluff Road intersects Highway 100, which runs north and south, at a right angle thereby forming a tee. Old Foster's Mill Store and a large parking lot are located in the right-hand corner of this tee. It is undisputed that at approximately 6:40 p.m., Officer Wilson saw defendant's vehicle coming west toward the intersection along Black Bluff Road. During the hearing on defendant's motion to suppress, Officer Wilson, who was the only person to testify, stated that what drew his attention to defendant's vehicle was that within 35 to 40 feet of the intersection, "instead of coming up to the intersection, [defendant] pulled into the store parking lot there, to the — to the right." Wilson also testified that "[defendant] pulled between the store and the highway" and that "it wasn't like [defendant] pulled before he got to the store. He waited until he got past the store in this big parking lot, and he turned to the right there in the parking lot." Furthermore, Wilson testified that because everyone else that day had driven up to the intersection, it appeared that defendant was trying to avoid the license check.

According to Officer Wilson, after defendant stopped in the parking lot, Officers Toles and Wilson walked over to defendant's vehicle. It is undisputed that Toles spoke with defendant, but the content of this conversation was not overheard by Wilson and, as noted above, neither Toles nor defendant testified at the motion to suppress hearing. Wilson testified that after Toles spoke with defendant, Toles turned away from the vehicle and walked toward Wilson. At that time defendant opened the door of his vehicle and, in an attempt to exit, stumbled as if he was going to fall. Wilson testified that defendant was unsteady on his feet, glassy eyed, and smelled heavily of alcohol. After observing defendant, the officers determined that he was under the influence of alcohol and was less safe to operate a vehicle. Subsequently, defendant was arrested and read his implied consent rights at the scene. Defendant later submitted to a chemical test of his breath and registered .23 on the Intoximeter 3000.

Defendant's motion to suppress was based on the ground that Officers Wilson and Toles did not have an articulable suspicion that warranted stopping defendant and that the stop was therefore unlawful. See *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968). In support of this contention defendant relies on *Jorgensen v. State*, 207 Ga. App. 545 (428 SE2d 440) (1993). *Jorgensen*, however, is distinguishable from this case. In *Jorgensen*, a road block was set up approximately 200 feet from the entrance to an apartment complex. David Jorgensen turned into the complex in a white BMW in a normal manner. A police officer then pursued Jorgensen into the complex and *actually stopped* Jorgensen after he had exited his car and was walking toward an apartment. The officer testified that at the time he stopped Jorgensen, Jorgensen was not free to leave. The reason the officer gave for stopping Jorgensen was that the officer did not believe Jorgensen lived in the complex. No other reason for the stop was given other than the officer's intuition. Id. at 545-547.

In this case, even though it is undisputed that prior to turning into the store parking lot, defendant had not violated any traffic laws, defendant's activities and driving pattern once in the parking lot, all of which occurred within 35 to 40 feet of the officers at the check point, at the very least were suspicious. Without addressing the issue of whether such suspicion constitutes "articulable suspicion," we note that "even when officers have no basis for suspecting a particular individual [of a crime], they may generally ask questions of that individual; ask to examine the individual's identification; and request consent to search; as long as the police do not convey a message that compliance with their requests is required. It is clear that a seizure does not occur simply because a police officer approaches an individual and asks a few questions. So long as a reasonable person would feel free to disregard the police and go about his business, the en-

counter is consensual and no reasonable suspicion is required. The encounter will not trigger Fourth Amendment scrutiny unless it loses its consensual nature. *State v. Westmoreland,* 204 Ga. App. 312-313 (1) (418 SE2d 822) (1992). See also *Vance v. State,* 205 Ga. App. 201 (421 SE2d 730) (1992); *State v. Jackson,* 201 Ga. App. 810, 813-814 (2) (412 SE2d 593) (1991)." (Citations and punctuation omitted.) *State v. Willis,* 207 Ga. App. 76, 77 (427 SE2d 306) (1993).

Here, the only evidence presented at the motion to suppress was the testimony of Officer Wilson. Unlike *Jorgensen,* there is nothing in the record in this case demonstrating that at the time Officers Toles and Wilson approached defendant, defendant was not free to go. Consequently, we conclude that prior to the time defendant actually stepped out of his vehicle and stumbled, the officers' encounter with defendant did not rise to the level of a stop. After defendant exited his vehicle, the undisputed testimony of Officer Wilson demonstrates that probable cause existed to stop and subsequently arrest defendant for driving under the influence. Thus, we affirm the trial court's denial of defendant's motion to suppress.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED JANUARY 31, 1995.

*Garner & Barnes, Richard E. Barnes,* for appellant.

*Stephen F. Lanier, District Attorney, C. Stephen Cox, Assistant District Attorney,* for appellee.