A97A0793. McCLAIN v. THE STATE.
(487 SE2d 471)

BEASLEY, Judge.

In appealing his DUI conviction, Stanley McClain claims that the trial court should have suppressed an officer's testimony about McClain's performance on certain field sobriety tests. McClain argues that the officer lacked an articulable suspicion to stop McClain, thus violating his constitutional rights. Because the first possible "stop" occurred after the officer had smelled alcohol on McClain's breath, the judgment is affirmed.

At 4:00 a.m. on January 26, 1996, a police officer witnessed McClain leave the parking lot of a bar in a quickly accelerating vehicle. Believing that McClain might soon exceed the speed limit, the officer followed for about a mile and a half and caught up where McClain was waiting to make a left turn at a stoplight. When the

light changed, McClain turned left and immediately made a sharp right turn into a lit parking lot at the rear of a shopping center. The officer watched as McClain slowly made a counterclockwise turn so that he faced the officer, who was now entering the parking lot. Even though the officer did not flag McClain, turn on his blue flashing lights, nor do anything else to indicate he wanted McClain to stop, McClain stopped and the officer pulled up alongside. To this point, the officer had observed no traffic violations.

As the two men sat in their vehicles, the officer asked McClain how he was doing, what brought him out this time in the morning, and whether he was lost. McClain responded that he was fine and was going to an area different than the direction he had originally been traveling. The officer smelled alcohol and requested McClain to "wait here just a second." The officer pulled his patrol car around to face the rear of McClain's vehicle, exited, and spoke to McClain through McClain's window. He asked for McClain's driver's license and proof of insurance, which McClain could not find.

As the officer continued to speak with McClain, the odor of alcohol became stronger, and McClain appeared unsteady, had dilated, glassy, red eyes, and slurred his speech. When asked if he had had anything to drink, McClain stated he had had five or six beers. The officer asked McClain to submit to several field sobriety tests, including the horizontal gaze nystagmus, the walk and turn, and the one-leg stand, which tests McClain had difficulty completing. After the officer placed McClain under arrest, McClain refused to undergo any chemical tests of his blood, breath, or urine, claiming that he was taking a prescription drug (Paxil) that he felt would interfere with the tests.

On the morning of trial, McClain moved in limine to exclude the officer's testimony on the ground that the officer had no articulable suspicion to stop McClain. The court preferred to hear the motion following the presentation of the evidence, so McClain renewed it at the conclusion of the State's case. The court denied the motion, finding that no stop had occurred. The jury convicted McClain of driving under the influence of alcohol (OCGA § 40-6-391 (a) (1)), and acquitted him of driving under the influence of alcohol and drugs (OCGA § 40-6-391 (a) (4)).

1. McClain enumerates as error denial of his motion in limine and motion to suppress, on the ground there was no articulable suspicion justifying a *Terry* stop. See *Terry v. Ohio*, 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).[1] "Because there was no physical evidence sought to be introduced, defendant's motion is more accurately

---

[1] In his first enumeration of error McClain claims the evidence was insufficient to sus-

denominated a motion in limine to exclude the officer's testimony based on the alleged constitutional violation." *State v. Roe*, 211 Ga. App. 129 (1) (438 SE2d 186) (1993).

There are " ' "three tiers of police-citizen encounters: (1) communication between police and citizens involving no coercion or detention and therefore without the compass of the Fourth Amendment, (2) brief 'seizures' that must be supported by reasonable suspicion, and (3) full-scale arrests that must be supported by probable cause. (Cits.)" ' [Cit.]" *Alexander v. State*, 166 Ga. App. 233, 234 (2) (303 SE2d 773) (1983). "In the first level, police officers may approach citizens, ask for identification, and freely question the citizen without any basis or belief that the citizen is involved in criminal activity, as long as the officers do not detain the citizen or create the impression that the citizen may not leave. . . . The second tier occurs when the officer actually conducts a brief investigative *Terry* stop of the citizen. In this level, a police officer, even in the absence of probable cause, may stop persons and detain them briefly, when the officer has a particularized and objective basis for suspecting the persons are involved in criminal activity." (Citations omitted.) *State v. Banks*, 223 Ga. App. 838, 839-840 (479 SE2d 168) (1996).

The first question is whether the officer stopped or detained McClain to the extent that such was a "seizure" under the Fourth Amendment. *McKinley v. State*, 213 Ga. App. 738, 739 (445 SE2d 828) (1994). " 'A person has been seized within the meaning of the Fourth Amendment only if, in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave. . . . In order to determine whether a particular encounter constitutes a seizure, a court must consider all the circumstances surrounding the encounter to determine whether the police conduct would have communicated to a reasonable person that the person was not free to decline the officer's requests or otherwise terminate the encounter.' . . . [Cit.]" Id.

The officer's following of McClain's vehicle (with no blue lights flashing on the patrol car) did not indicate that McClain was not free to drive on. *State v. Wright*, 221 Ga. App. 202, 206-208 (4) (470 SE2d 916) (1996). Nor did the officer's approaching McClain's stopped vehicle and making inquiries as to what was going on constitute a seizure of McClain. The actions of an officer approaching a stopped vehicle, requesting to see a driver's license, and inquiring about possible criminal or suspicious activity clearly fall within the realm of the first type of police-citizen encounter and do not amount to a stop.

---

tain a conviction. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Because the officer's testimony was the only evidence introduced at trial, whether that testimony is admissible must first be addressed.

*Burns v. State*, 216 Ga. App. 178, 179-180 (454 SE2d 152) (1995); *VonLinsowe v. State*, 213 Ga. App. 619, 621 (445 SE2d 371) (1994); *Rogers v. State*, 206 Ga. App. 654, 656-657 (426 SE2d 209) (1992); *Ward v. State*, 193 Ga. App. 137, 138 (1) (387 SE2d 150) (1989).[2] Cf. *State v. Smith*, 137 Ga. App. 101, 102 (223 SE2d 30) (1975) (ordering a defendant to either roll down his window or open the door constitutes a seizure).[3]

The facts closely parallel those of *Crosby v. State*, 214 Ga. App. 753 (449 SE2d 147) (1994). In *Crosby*, the officer followed a car into an apartment complex, where the car parked. The officer pulled alongside the car and asked for identification. The officer then got out of his car and approached the parked vehicle to see if the occupants were engaged in any illegal activity. "When appellant rolled the window down, the officer noticed appellant's eyes were bloodshot and alcohol was on his breath." Id. at 754. After hearing the defendant slur his speech and admit to having a few beers and after observing the defendant act unsteady on his feet, the officer then administered some field sobriety tests and placed the defendant under arrest. In the appeal of the DUI conviction, this Court held that the initial encounter did not constitute a stop or seizure,[4] and that "once appellant rolled down his window and revealed his bloodshot eyes and the strong odor of alcohol, Officer Kemp had reasonable grounds to conduct an investigative inquiry." Id. at 755.

"When reviewing a trial court's decision on a motion to [exclude evidence], we must construe the evidence favorably to uphold the trial court's findings and judgment, and the trial court's findings must be upheld if any evidence supports them. [Cit.]" *Richards v. State*, 225 Ga. App. 777, 778 (1) (484 SE2d 683) (1997). See *State v. Banks*, supra at 839; *Alex v. State*, 220 Ga. App. 754 (470 SE2d 305) (1996). The evidence supported the trial court's finding that there was no seizure when McClain voluntarily stopped his vehicle and the officer approached and inquired. During the inquiry, the officer

---

[2] Similarly, a police officer may approach citizens who are on foot to make inquiries without fear of intruding on constitutional rights. See *Edwards v. State*, 264 Ga. 615, 616 (449 SE2d 516) (1994); *State v. Willis*, 207 Ga. App. 76, 77 (427 SE2d 306) (1993); *King v. State*, 161 Ga. App. 382 (1), 383 (288 SE2d 644) (1982).

[3] The cases cited by McClain involve officers who through the use of blue flashing lights or other means actually stopped or pulled over the defendant, and thus are not applicable. See *State v. Goodman*, 220 Ga. App. 169 (469 SE2d 327) (1996); *State v. Jones*, 214 Ga. App. 593 (448 SE2d 496) (1994); *Streicher v. State*, 213 Ga. App. 670 (445 SE2d 815) (1994); *State v. Golden*, 210 Ga. App. 800 (437 SE2d 492) (1993); *Jorgensen v. State*, 207 Ga. App. 545 (428 SE2d 440) (1993); *Brown v. State*, 188 Ga. App. 184 (372 SE2d 514) (1988); *Tarwid v. State*, 184 Ga. App. 853 (363 SE2d 63) (1987).

[4] Compare *Kelly v. State*, 129 Ga. App. 131, 132-133 (198 SE2d 910) (1973) (seizure occurs where officers approach a stopped vehicle brandishing a pistol and badge and asking for the keys).

smelled alcohol. Only at that point did the officer tell McClain to "wait here just a second" and park his patrol car behind McClain. Even if telling McClain to "wait here just a second" constituted a seizure,[5] at that point the officer had smelled the alcohol on McClain's breath, which provided "reasonable grounds to conduct an investigative inquiry to determine whether appellant was engaged in criminal activity, e.g., driving under the influence." *Crosby*, 214 Ga. App. at 755. See *Richards v. State*, supra at 778.

Denial of the motion in limine was not error.

2. McClain contends that the evidence was insufficient to sustain his conviction under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). In view of the evidence about McClain set forth above (failing sobriety tests, slurring his speech, having bloodshot, glazed eyes, appearing unsteady, admitting to having five or six beers, refusing to permit chemical analysis, etc.), this argument fails. See OCGA § 40-6-392 (d) (refusal to permit chemical analysis is admissible against defendant).

3. In his third enumeration, McClain claims error in the court's allowing the officer to bolster his own testimony. In response to a question as to why he arrested McClain, the officer testified that blood and alcohol test results (when available) had consistently confirmed that those individuals who failed the field sobriety tests administered by him were over the legal limit of .10 grams of alcohol concentration. See OCGA § 40-6-391 (a) (5).

McClain failed to object to this testimony at trial and thus waived the issue for appeal. *Carr v. State*, 214 Ga. App. 367, 368 (2) (448 SE2d 33) (1994). Issues cannot be raised for the first time on appeal. *Shropshire v. State*, 223 Ga. App. 118, 119 (2) (476 SE2d 859) (1996).

Because of the claim of ineffective assistance of counsel, we nevertheless address the merits of this enumeration. The referenced testimony is not improper bolstering, but merely an explanation of the probable cause for arrest. Improper bolstering "refers to character evidence intended to show a witness' *veracity*, that is, his tendency to tell the truth." (Emphasis in original.) *Kimbrough v. State*, 215 Ga. App. 303, 304 (2) (a) (450 SE2d 457) (1994). *Kimbrough* held that reference to objective evidence which verified conclusions reached by the officer is not improper bolstering, for such does not go to the officer's veracity.[6] This enumeration of error fails.

---

[5] In *Ward v. State*, 193 Ga. App. 137 (387 SE2d 150) (1989), we held that an officer telling a person who had just started his parked car to "Wait a minute, I want to talk to you," did not constitute a *Terry* stop.

[6] Furthermore, because McClain attacked the accuracy of the field sobriety tests as well as the officer's credibility, such testimony would have been permissible on redirect and

4. Next, McClain enumerates as error the denial of a directed verdict on Count 2, which accused McClain of driving under the influence of alcohol and drugs (OCGA § 40-6-391 (a) (4)). Acquittal on this count rendered the error, if any, harmless if not moot. *Ayers v. City of Atlanta*, 221 Ga. App. 381, 382 (471 SE2d 240) (1996); *Jones v. State*, 200 Ga. App. 666 (2) (409 SE2d 251) (1991).

5. Finally, McClain claims he was denied effective assistance by trial counsel's failure to (1) file a written motion to suppress, (2) object to the officer bolstering his own testimony, and (3) make a clearer record that the parking lot was off a main street and was well lighted and marked. McClain has moved to remand the case for a hearing on this matter, but has also requested that the Court consider the issues raised on the merits on the current record. See *Elrod v. State*, 222 Ga. App. 704, 705 (475 SE2d 710) (1996) (where record sufficient, appellate court may decide ineffectiveness issue without remand). Remand is unnecessary.

" 'To show inadequacy of trial counsel, a defendant must establish not only that counsel's conduct fell below an objective standard of reasonableness, but, further, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. [Cit.]' [Cit.]" *Lindo v. State*, 218 Ga. App. 756, 758 (463 SE2d 148) (1995). With regard to failing to file a written motion to suppress, counsel's conduct hardly fell below an objective standard of reasonableness, for no tangible, physical evidence was introduced. "Only tangible physical evidence is subject to motions to suppress. Testimony is outside the scope of a motion to suppress and should be objected to on the trial," which is exactly what McClain's counsel did through his motion in limine. (Citations and punctuation omitted.) *Smith v. State*, 221 Ga. App. 670, 671 (1) (472 SE2d 503) (1996).

With regard to the failure to object to the officer's bolstering his own testimony, such testimony was proper. See Division 3. Finally, as conceded by McClain, the record is sufficient to show that the parking lot was off a main street and was well lighted and marked.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED JUNE 5, 1997.
Before Judge Robins.

*J. M. Raffauf*, for appellant.

---

therefore is harmless error. See *Blige v. State*, 264 Ga. 166, 167 (2) (441 SE2d 752) (1994) (bolstering allowed if witness' credibility attacked).

*Ralph T. Bowden, Jr., Solicitor, Michael D. Johnson, W. Cliff Howard, Assistant Solicitors*, for appellee.