### A99A0753. DAVIS v. THE STATE.
(517 SE2d 115)

JOHNSON, Chief Judge.

Dewayne Davis was convicted of driving while under the influence of alcohol, obstruction of a law enforcement officer, and possession of an open container of alcohol while operating a vehicle. He appeals, contending the trial court erred in denying his motion in limine to exclude evidence obtained as a result of what he claims was an illegal stop.

In reviewing a trial court's order on a motion in limine, we construe the evidence most favorably to uphold the ruling. *Thompson v. State*, 234 Ga. App. 74 (1) (506 SE2d 201) (1998). The trial court resolves conflicts in the evidence, and its findings of credibility and fact will not be disturbed unless they are clearly erroneous. *Peeples v. State*, 234 Ga. App. 454 (1) (507 SE2d 197) (1998). Viewed in this light, the evidence shows the following: State patrol officers set up a roadblock to check for driver's licenses and proof of insurance. One of the officers saw Davis' truck turn onto a dirt road approximately 20 to 25 yards before reaching the roadblock. Nothing was located on the road except a chicken house. The officer followed the truck to see where it was going and what the occupants were doing. As the officer turned onto the dirt road, he noticed that the truck had stopped and the door was open. He watched as Davis got out of the door on the

driver's side and the passenger got out of the other door. Davis and the passenger walked to a hill and stood there. The officer saw Davis "turn [a] beer up," throw it down and then run as the officer opened his door to get out of the patrol car. The officer chased Davis on foot and caught him. According to the officer, it was "pretty obvious" that Davis was intoxicated. Ten empty beer cans were found in the truck. Davis was later given a breath test, and the result was a blood-alcohol level of .154.

On the day of trial, Davis moved in limine to exclude evidence obtained by the officer on the ground that the officer had no articulable suspicion to justify the stop. The trial court denied the motion. We affirm the trial court's ruling.

There are three tiers of police-citizen encounters: (1) communications between police and citizens involving no coercion or detention and therefore without the compass of the Fourth Amendment; (2) brief seizures that must be supported by reasonable suspicion; and (3) full-scale arrests that must be supported by probable cause. *McClain v. State*, 226 Ga. App. 714, 716 (1) (487 SE2d 471) (1997).

A pursuit constitutes a seizure where there is either the application of physical force or submission to an officer's show of authority. *State v. Wright*, 221 Ga. App. 202, 207 (4) (470 SE2d 916) (1996). The officer's following of Davis' truck (with no lights flashing on the patrol car) did not constitute a seizure under the Fourth Amendment. See id.; *McClain*, supra at 716. Therefore, that act came within the first tier of encounters and reasonable suspicion was not necessary.

The officer's act of approaching the *stopped* truck to inquire about possible criminal or suspicious activity also falls within the realm of the first type of police-citizen communications and does not amount to a stop. See *McClain*, supra at 716. An officer need not have an articulable suspicion to approach a stopped vehicle. *Crosby v. State*, 214 Ga. App. 753, 754 (449 SE2d 147) (1994).

Similarly, an officer may approach a person who is on foot to make inquiries without the Fourth Amendment being implicated. See *Edwards v. State*, 264 Ga. 615, 616 (2) (449 SE2d 516) (1994). Thus, in this case, the officer was permitted to approach Davis as he stood on the hill to ask him for identification and question him as long as he did not create the impression that Davis was not free to leave. See *State v. Kaylor*, 234 Ga. App. 495, 497 (507 SE2d 233) (1998). A seizure within the meaning of the Fourth Amendment does not occur simply because an officer approaches a person. See *Burns v. State*, 216 Ga. App. 178, 179 (454 SE2d 152) (1995). Thus, the officer was not required to have articulable suspicion to lawfully approach Davis. See *Miller v. State*, 221 Ga. App. 494, 495 (471 SE2d 565) (1996).

We note that the officer in this case made no attempt to detain Davis until after Davis began running. Flight may be evidence of consciousness of guilt and may give rise to an articulable suspicion that a person is engaged in criminal activity, authorizing an officer to stop him briefly for investigation. *Redd v. State*, 229 Ga. App. 364, 366 (494 SE2d 31) (1997).

The cases cited by Davis as holding that an officer must have a reasonable suspicion to justify a stop are distinguishable. For example, in *Jorgensen v. State*, 207 Ga. App. 545 (428 SE2d 440) (1993), the suspect turned into an apartment complex some 200 feet before a roadblock. Here, Davis turned onto a dirt road, upon which was only a chicken house, 20 to 25 yards before the roadblock. These facts made Davis' conduct more suspicious than Jorgensen's. Moreover, the officer in *Jorgensen* testified that he decided to stop the suspect as soon as he saw him turn into the complex and that the defendant was not free to leave. In this case, there was no such testimony; instead, the officer in this case simply followed and watched Davis, not approaching or attempting to stop him until he had more information.

The other cases cited by Davis, *Streicher v. State*, 213 Ga. App. 670 (445 SE2d 815) (1994), and *State v. Jones*, 214 Ga. App. 593 (448 SE2d 496) (1994), are inapposite because the officers in those cases, through flashing lights or other means, actually caused the defendants to stop their vehicles. See *McClain*, supra at 717, fn. 3. As discussed above, Fourth Amendment protections do not apply to an officer's approach of a stopped car. See id. at 716. The trial court did not err in denying Davis' motion in limine.

*Judgment affirmed. Andrews and Ruffin, JJ., concur.*

DECIDED MAY 4, 1999.

*Rex J. McClinton*, for appellant.

*N. Stanley Gunter, District Attorney, William W. Woody, William J. Langley, Assistant District Attorneys*, for appellee.