A10A0404. O'QUINN v. THE STATE.

(695 SE2d 60)

Phipps, Judge.

Following a bench trial, Dylan Hunter O'Quinn was convicted of possession of marijuana. He claims on appeal that the trial court erred by denying his motion to suppress evidence obtained during a search of his person. Because the trial court did not err in denying the motion, we affirm.

> In reviewing the grant or denial of a motion to suppress, we construe the evidence in a light most favorable to upholding the trial court's findings and judgment. When the trial court's findings and judgment are based upon conflicting evidence, we will not disturb the lower court's ruling if there is any evidence to support its findings, and we accept that court's credibility assessments unless clearly erroneous. The trial court's application of law to undisputed facts, however, is subject to de novo review.[1]

The law enforcement officer who performed the search was the sole witness at the suppression hearing. He testified that on June 11, 2008, he assisted another officer in a traffic stop of a vehicle for a tag light violation. O'Quinn was a passenger in the vehicle. As the officer approached the vehicle, he saw O'Quinn moving and reaching around the inside of the vehicle. O'Quinn appeared very nervous; his hands and voice were shaking, he was breathing quickly, and his heart was beating so hard that it was visible to the officer through his shirt. The officer asked O'Quinn for identification and to step out of the vehicle. Based on O'Quinn's demeanor, the officer asked him whether he had any weapons, and he said no. The officer then conducted a patdown search of O'Quinn.

---

[1] Sommese v. State, 299 Ga. App. 664, 665 (683 SE2d 642) (2009) (citation omitted).

During the patdown search, the officer noticed a strong marijuana odor emanating from O'Quinn. He asked O'Quinn if he had any marijuana on his person, and O'Quinn said no. The officer then asked O'Quinn for permission to conduct a more extensive search of his person, and O'Quinn consented. In the course of the more extensive search, a bag of marijuana fell out of O'Quinn's pants leg.

O'Quinn argues that the court should have suppressed evidence of the marijuana because the patdown search, during which the officer detected the odor of marijuana, violated his Fourth Amendment rights, and thus O'Quinn's subsequent consent to a more extensive search and the evidence obtained during that search were tainted as the "fruit of the poisonous tree."[2] We disagree.

> [B]ecause concern for officer safety is still present at routine traffic stops, officers involved in any traffic stop may order the driver and any passengers out of the vehicle. For their own safety, officers at routine traffic stops may also perform a limited *Terry*-type search of the driver or any passenger to discover weapons if the officer has a reasonable basis to believe that the person is armed.[3]

*Terry v. Ohio*[4] permits

> a reasonable search for weapons for the protection of the police officer, where he has reason to believe that he is dealing with an armed and dangerous individual, regardless of whether he has probable cause to arrest the individual for a crime. The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger. And in determining whether the officer acted reasonably in such circumstances, due weight must be given, not to his inchoate and unparticularized suspicion or "hunch," but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience.[5]

---

[2] See *Grandberry v. State*, 289 Ga. App. 534, 539 (2) (658 SE2d 161) (2008) (evidence discovered by exploitation of violation of defendant's Fourth Amendment rights was inadmissible as "fruit of the poisonous tree").

[3] *Eaton v. State*, 294 Ga. App. 124, 126 (2) (668 SE2d 770) (2008) (citations omitted).

[4] 392 U. S. 1 (88 SC 1868, 20 LE2d 889) (1968).

[5] Id. at 27 (III) (citations and footnote omitted); see *Edwards v. State*, 264 Ga. 615, 616 (2) (449 SE2d 516) (1994).

During the suppression hearing, the officer testified that he performed the patdown "to make sure [O'Quinn] didn't have any weapons to harm me or any other officer on the scene." He thought O'Quinn might have had a weapon based on his nervous demeanor and his act of reaching around the inside of the vehicle as the officer approached.

O'Quinn argues that an officer's general practice of routinely patting down anyone who exits a vehicle does not satisfy *Terry*'s requirement that the officer must reasonably have concluded the person was a threat to the officer's safety.[6] He also argues that a person's nervousness, alone, will not authorize a patdown search for weapons. Here, however, the officer cited O'Quinn's reaching movements inside the vehicle as a specific reason for believing that he might have had a weapon. Construed in the light most favorable to upholding the trial court's findings and judgment, the evidence of the reaching movements authorized the trial court to conclude that the officer was warranted in his belief that his safety or that of others was in danger.[7] Accordingly, the officer was authorized under *Terry* to conduct the patdown search, and the court did not err in denying O'Quinn's motion to suppress, as "fruit of the poisonous tree," evidence discovered subsequent to that patdown search.[8]

*Judgment affirmed. Miller, C. J., and Johnson, P. J., concur.*

DECIDED APRIL 12, 2010.

*Abigail R. Safford, Wendell R. Adams*, for appellant.
*Louie C. Fraser, District Attorney, Chad A. Pritchett, Assistant District Attorney*, for appellee.

---

[6] See *Milby v. State*, 256 Ga. App. 429, 431 (569 SE2d 256) (2002).

[7] See *Hayes v. State*, 202 Ga. App. 204, 205 (414 SE2d 321) (1991) (because defendant could have pulled weapon from open console of vehicle, officer was authorized to conduct patdown search to determine whether defendant was armed).

[8] See *Hayes*, supra.