## 62708. PARKER v. THE STATE.

SHULMAN, Presiding Judge.

Janis Parker was arrested and charged with a violation of the Georgia Controlled Substances Act (Code Ann. Ch. 79A-8, Ga. L. 1974, p. 221 et seq.). This court granted appellant's application for an interlocutory appeal from the trial court's denial of her motion to suppress evidence seized after a search of her car.

James Ash, an officer in the vice and narcotics unit of the Hall County Sheriff's Department, received a telephone call from a reliable confidential informant who stated that he had seen marijuana in a light tan Toyota with a tag number containing the numerical sequence 606 near a gasoline station and funeral home on Broad Street. The informant also told Ash that the car was occupied by a white couple. Ash relayed the information to a fellow vice and narcotics officer, Bishop, who observed the car at the gasoline station

and proceeded to follow it. Within 20 minutes of its departure from the station, the tan Toyota stopped and the male rider disembarked. At that point, although no crime had been committed in his presence, Officer Bishop detained the woman driver, Ms. Parker, and asked for identification. When Ash and a backup unit arrived at the scene, Bishop searched the car and found marijuana. Appellant maintains that, based on this court's decision in *Love v. State*, 144 Ga. App. 728 (242 SE2d 278), the evidence seized cannot be used against her since Bishop did not have the requisite probable cause to stop her and make a warrantless search of her vehicle.

In *Love*, two Georgia law enforcement agencies, the Fulton County District Attorney's office and the GBI Fugitive Squad, pooled information in an effort to apprehend a suspect. Inspector Angel of the GBI, acting on information he had received from Fulton County Investigator Matthews, arrested Love and searched his automobile and motel room. Matthews had received the information he had given Angel from an informant Matthews believed to be reliable. This court ruled that the evidence seized in the search of Love's car should have been suppressed because neither the probable cause nor the exigent circumstances required by the United States Supreme Court decision in Carroll v. United States, 267 U. S. 132 (45 SC 280, 69 LE 543), was present. In its discussion on the probable cause aspect of the Carroll test, this court held that Angel had no probable cause to search the vehicle since there was no evidence to support a conclusion that Angel had facts from which to make an independent determination of the reliability of Matthews' informant. *Love v. State*, supra, p. 736. The writer, although concurring with the majority in *Love*, now exercises his human prerogative of reconsideration and determines that a less stringent view is more persuasive and in line with present legal authority. Because we have concluded that the holding in *Love* to the effect the searching officer must personally be in possession of sufficient facts enabling him to make an independent determination of probable cause unduly restricts law enforcement officers in taking concerted action based upon a reliable informer's tip, we must overrule that portion of *Love*.

1. Warrantless searches by law enforcement officers are the exception and not the rule. See Coolidge v. New Hampshire, 403 U. S. 443, 454-455 (91 SC 2022, 29 LE2d 564). In Carroll v. United States, supra, the U. S. Supreme Court held that a warrantless search of an automobile was legitimate if there was probable cause to believe the automobile contained contraband and there were exigent circumstances which made it impractical to obtain a search warrant. When the facts and circumstances before an officer would lead a

reasonably discrete and prudent person to believe a vehicle contains contraband, probable cause to search the car exists. *Cunningham v. State,* 133 Ga. App. 305, 307-308 (211 SE2d 150). The question for this court is whether such facts and circumstances may include information obtained from a law enforcement officer who, in the course of conducting a common investigation, received the information from a reliable confidential informant. We hold that it may and affirm the decision of the trial court.

2. We first note that the trial court had ample evidence before it on which it could base a holding that Officer Ash had probable cause to search appellant's car. There is evidence to support the conclusions that the informant was reliable, that Ash was aware of how the informant had received the information, and that Ash knew the information was current. See *Love v. State,* supra, p. 735; *Sams v. State,* 121 Ga. App. 46, 48 (172 SE2d 473).

3. Information obtained by police officers engaged in an investigation may be used by another officer common to that investigation as a reliable basis for the establishment of probable cause. *McDonald v. State,* 156 Ga. App. 143, 145 (273 SE2d 881); *Cuevas v. State,* 151 Ga. App. 605, 608 (260 SE2d 737); *Cunningham v. State,* supra, p. 308; *Buck v. State,* 127 Ga. App. 72, 74 (192 SE2d 432). In cases where an informant supplies the information to one officer who then relays it to a fellow officer, the question has revolved around the reliability of the informant. Where the informant is found to be reliable, probable cause for the non-receiving officer to search exists. *Meneghan v. State,* 132 Ga. App. 380 (208 SE2d 150); *Buck v. State,* supra. However, where the *officer receiving the tip* could not establish the credibility of the informant, probable cause was not demonstrated. *Radowick v. State,* 145 Ga. App. 231 (244 SE2d 346). In the case before us, Ash and Bishop were engaged in a common investigation and Ash was able to establish the credibility of his informant. Thus, Bishop was authorized to act upon the information supplied to him by Ash. *McDonald v. State,* supra; *Meneghan v. State,* supra; *Buck v. State,* supra.

4. Especially when an officer is operating under the exigent circumstances required for a warrantless search of a car, we cannot require a police officer to radio to another officer all the information he has about a suspect, the source of his information, and the background of his informant in order that the receiving officer may make an independent determination as to whether he has probable cause to stop and search the automobile in question. We emphasize that our decision today in no way curtails the right of an individual to be free from unreasonable searches and seizures since we still require that probable cause to search be established. We hold only that the

searching officer need not personally be aware of all the facts which would support a probable cause determination so long as it can be established by evidence that the searching officer's actions were the end result of a chain of information-sharing, one link of which is an officer in possession of the "information requisite to support an independent judicial assessment of probable cause." Whiteley v. Warden of Wyoming Penitentiary, 401 U. S. 560, 568 (91 SC 1031, 28 LE2d 306).

*Judgment affirmed. Quillian, C. J., Deen, P. J., McMurray, P. J., Banke, Birdsong, Carley, Sognier and Pope, JJ., concur.*

DECIDED JANUARY 22, 1982 —

*Phillip L. Hartley,* for appellant.
*Jeff C. Wayne, District Attorney, Bruce L. Udolf, Assistant District Attorney,* for appellee.