A89A1071. WESTFELT v. THE STATE.
(386 SE2d 542)

POPE, Judge.

Defendant Tony Ray Westfelt was convicted of the offense of possession of phenylacetone in violation of the Georgia Controlled Substances Act. The chemical was found during a search of the automobile in which defendant was a passenger. Defendant argues the

trial court erred in denying his motion to suppress the evidence seized in the search of the automobile.

Evidence presented at the suppression hearing showed that the defendant admitted to the officer conducting the search that he owned the sealed cardboard shipping boxes found in the automobile. At the conclusion of the suppression hearing the trial court ruled the evidence was admissible because both the driver of the automobile and the defendant had given their consent to the search of the boxes in which the alleged substance was found. In upholding the trial court's ruling we need not address the issue of consent for we find the authorities had probable cause to search the vehicle and all containers within it.

The evidence shows that an agent of the Tennessee Bureau of Investigation contacted the Dade County Sheriff's Department and informed the Georgia authorities that the vehicle in question was suspected of transporting controlled substances. The Tennessee agent had followed the vehicle on the highway headed south into Georgia and requested assistance in stopping the vehicle. "Where a law enforcement officer has probable cause to believe that a vehicle (as opposed to a particular container within the vehicle), while in transit, contains contraband; i.e., where the objective facts known to the officer would justify issuance of a search warrant authorizing that a vehicle be searched, the 'automobile exception,' *Carroll v. United States*, 267 U. S. 132 (45 SC 280, 69 LE 543) (1925), to the warrant requirement of the Fourth Amendment applies, and a warrantless search of the entire vehicle is not unconstitutional, including all containers and packages that may contain such contraband. *United States v. Ross*, 456 U. S. 798 (102 SC 2157, 72 LE2d 572) (1982)." *Love v. State*, 254 Ga. 697, 698-699 (344 SE2d 173) (1985). "[T]he searching officer need not personally be aware of all the facts which would support a probable cause determination so long as it can be established by evidence that the searching officer's actions were the end result of a chain of information-sharing, one link of which is an officer in possession of the 'information requisite to support an independent judicial assessment of probable cause.' *Whiteley v. Warden of Wyoming Penitentiary*, 401 U. S. 560, 568 (91 SC 1031, 28 LE2d 306) [(1971)]." *Parker v. State*, 161 Ga. App. 37, 39-40 (288 SE2d 852) (1982). The evidence shows that the Tennessee law enforcement officer possessed ample information to establish probable cause to believe that the vehicle contained contraband.

The fact that the automobile was impounded before the controlled substance was found does not invalidate the warrantless search. Justification to conduct a warrantless search of an automobile based on probable cause does not vanish once the car is impounded. *Florida v. Meyers*, 466 U. S. 380 (104 SC 1852, 80 LE2d 381) (1984).

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 11, 1989.

*John R. Emmett*, for appellant.
*Ralph Van Pelt, Jr., District Attorney*, for appellee.