## A92A1553. WALDRIP v. THE STATE.
(424 SE2d 31)

JOHNSON, Judge.

Ronald Ray Waldrip pled guilty to driving under the influence of alcohol after the trial court denied his amended motion to suppress evidence of his blood-alcohol level. The trial court expressly approved the reservation of this issue for review on appeal. See *Mims v. State*, 201 Ga. App. 277, 278-279 (1) (410 SE2d 824) (1991).

At trial, a state trooper testified that he was in the process of citing a motorist for a traffic violation when Waldrip drove by at an excessive rate of speed in a truck equipped with a loud exhaust system. When the trooper looked up, Waldrip made an obscene hand gesture at him. The trooper radioed the State Patrol dispatcher and requested that other officers be on the lookout for Waldrip's truck. Acting on the radio dispatch, a deputy from the Forsyth County Sheriff's Department stopped Waldrip. When the trooper arrived at the scene, the deputy informed him that Waldrip had a strong odor of alcohol about his person. Waldrip was unsteady on his feet and appeared to be intoxicated. After being placed under arrest, Waldrip consented to a breath test. The trooper informed Waldrip that he could take an additional test at his own expense. Waldrip declined to take the additional test.

Waldrip's sole enumeration of error is that the trial court erred in

denying his motion in limine, and motion to suppress evidence of his blood-alcohol level. He argues that the trooper lacked probable cause to conduct the warrantless arrest and, that even if probable cause existed pursuant to the trooper's observations, the deputy who effectuated the stop could not have acquired probable cause based upon the radio dispatch. We disagree.

OCGA § 40-8-71 (c) provides that any person using a motor vehicle equipped with a muffler which causes excessive noise shall be guilty of a misdemeanor. Moreover, Waldrip appeared to be speeding, a violation of OCGA § 40-6-181. " 'A "warrantless arrest" is constitutionally valid if, at the moment the arrest is made, the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the accused had committed . . . an offense. (Cits.)' [Cits.]" *Napier v. State*, 184 Ga. App. 770, 771 (1) (362 SE2d 501) (1987). It is clear that both the noise emanating from Waldrip's truck, and the rate at which he was traveling, constituted probable cause for a warrantless arrest.

Waldrip also relies on OCGA § 17-4-23 (a), arguing that probable cause could not have been transferred from the trooper to the deputy who effectuated the stop via the radio dispatcher. That statute provides: "A law enforcement officer may arrest a person accused of violating any law or ordinance . . . provided the offense is committed in his presence or information constituting a basis for arrest . . . was received by the arresting officer from a law enforcement officer observing the offense being committed. . . ." It is Waldrip's contention that he was "under arrest" when the second deputy stopped his vehicle and that the second officer had received the information from the radio dispatch and not directly from the law enforcement officer who observed the offense. In *Parker v. State*, 161 Ga. App. 37, 39-40 (4) (288 SE2d 852) (1982), this court held that an officer need not personally be aware of all the facts which would support a probable cause determination so long as it can be established by evidence that the officer's actions were the end result of a chain of information-sharing, one link of which is an officer in possession of probable cause. Waldrip's reading of OCGA § 17-4-23 (a) is incorrect, and the trial court did not err in denying his motion in limine, or his motion to suppress.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED OCTOBER 6, 1992 —
RECONSIDERATION DENIED OCTOBER 20, 1992 — 

*Robert M. Goldberg*, for appellant.
*Daniel T. Stringer*, Solicitor, *James A. Ward, Jr.*, Assistant So-

*licitor*, for appellee.