## A93A2074. McCULLOUGH v. THE STATE.
(438 SE2d 369)

BLACKBURN, Judge.

Following the trial court's denial of his motion to suppress, the appellant, Stanley McCullough, pled guilty[1] to possession of cocaine, possession of marijuana, possession of a machine gun, and one count of possession of a firearm by a convicted felon.[2] McCullough was subsequently sentenced to ten years in prison with the last five years to be served on probation.

The undisputed evidence produced at the motion to suppress hearing by the State shows that on the afternoon of September 21, 1992, Deputy Greg Latta, of the Dade County Sheriff's Department,

---

[1] In pleading guilty, McCullough reserved his right to appeal the trial court's denial of his motion to suppress pursuant to *Mims v. State*, 201 Ga. App. 277 (410 SE2d 824) (1991).

[2] McCullough was initially indicted for possession of cocaine, manufacturing marijuana, possession of more than one ounce of marijuana, possession of a machine gun and two counts of possession of a firearm by a convicted felon. The state nol prossed the remaining offenses.

received a radio dispatch that McCullough was operating a yellow Mercedes in a certain area on a suspended license. The dispatcher gave instructions that McCullough should be apprehended. Deputy Latta later arrived at the designated area where McCullough had been stopped by another deputy. Deputy Latta approached McCullough, asked to see his driver's license, and in response, McCullough produced a Georgia driver's license.[3] Latta subsequently requested that the department conduct a computer check on McCullough's license, and was informed that McCullough's Tennessee license had been suspended. Relying on this information, Latta placed McCullough under arrest.

During custodial interrogation of McCullough, he admitted that he had firearms in his possession at his residence as observed by officers during a prior arrest. A search warrant was obtained for the search of his home for the weapons. While executing the search warrant for weapons, and during their seizure of the firearms, the officers noticed contraband in McCullough's home. Another search warrant was obtained for the contraband, and the contraband was seized by the officers during a subsequent search of the home. It is undisputed that the searches were executed pursuant to valid warrants.

In this appeal, McCullough challenges the trial court's denial of his motion to suppress. In his sole enumeration of error, McCullough maintains that Deputy Latta lacked the requisite probable cause to justify the warrantless arrest which resulted in the subsequent searches and seizure. We disagree.

"The legality of a warrantless arrest depends upon whether, at the moment the arrest was made, the [officer] had probable cause to make it — whether at the moment the facts and circumstances within [his] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." (Citations and punctuation omitted.) *McKenzie v. State*, 208 Ga. App. 683, 684 (431 SE2d 715) (1993). "While [computer license] printouts are not alone sufficient *evidence* to permit *conviction*, the cases uniformly recognize that [such] printouts are reliable enough to form the basis of the reasonable belief which is needed to establish probable cause for arrest." (Citations and punctuation omitted.) *Paxton v. State*, 160 Ga. App. 19 (285 SE2d 741) (1981). In addition, information obtained by officers engaged in an investigation can be used by other officers involved in the investigation as a reliable basis for the establishment of probable cause. *Parker v. State*, 161 Ga. App. 37 (3) (288 SE2d 852)

---

[3] McCullough surrendered a valid Tennessee license at the time that he applied for his Georgia driver's license on November 3, 1988, pursuant to OCGA § 40-5-20.

(1982). See also *Goodman v. State*, 255 Ga. 226 (13) (336 SE2d 757) (1985); *Curry v. State*, 255 Ga. 215 (336 SE2d 762) (1985); *Gray v. State*, 207 Ga. App. 648 (2) (428 SE2d 663) (1993); *Waldrip v. State*, 205 Ga. App. 864, 865 (424 SE2d 31) (1992).

In the present case, the information that Deputy Latta received from a fellow officer through a radio dispatch that McCullough was driving on a suspended license at a given location was subsequently verified by locating McCullough driving at the given location and through a computer check of his driving record, and provided the requisite probable cause to justify the warrantless arrest. Reasonable minds cannot differ that the initial radio dispatch was sufficient to form an articulable suspicion authorizing the brief investigatory stop.[4] *McConnell v. State*, 188 Ga. App. 653 (1) (374 SE2d 111) (1988). The information given to Deputy Latta prior to McCullough's arrest showed that McCullough had been driving under a suspended license, albeit a suspended Tennessee license. Under such exigent circumstances, the officer is not expected to be able to determine the legal ramifications of McCullough's operation of a vehicle under a license suspended in Georgia in contrast to a license suspended in Tennessee after a valid Georgia license has been issued. The deputy's actions were not arbitrary and harassing and would warrant the belief of a reasonable man that a crime had been committed.

We reject McCullough's argument that the Supreme Court's condemnation of the use in this State of the good faith exception to the exclusionary rule in *Gary v. State*, 262 Ga. 573 (422 SE2d 426) (1992), controls the present facts. In *Gary*, our Supreme Court held that the good faith exception to the exclusionary rule of *United States v. Leon*, 468 U. S. 897 (104 SC 3405, 82 LE2d 677) (1984), does not apply in Georgia where tangible evidence has been seized pursuant to a search warrant which lacked probable cause, considering the legislature's codification of a specific exclusionary rule in OCGA § 17-5-30.[5] The *Gary* court reversed the lower court's denial of a motion to suppress because the search warrant therein lacked probable cause. In the instant case, a search warrant was not issued, and, more importantly, the officer in question had the requisite probable cause at the time of the warrantless arrest. Consequently, *Gary* is inapplicable.

Accordingly, we must conclude that the trial court did not err in denying McCullough's motion to suppress.

*Judgment affirmed. McMurray, P. J., and Johnson, J., concur.*

---

[4] The initial investigatory stop has not been challenged by McCullough in this appeal.

[5] Under OCGA § 17-5-30, an aggrieved party may move to suppress evidence obtained on the grounds that the warrantless search and seizure was illegal or the search and seizure with a warrant was illegal because the warrant is facially insufficient, lacks the requisite probable cause for issuance, or was executed illegally.

DECIDED OCTOBER 26, 1993 — .
RECONSIDERATION DENIED NOVEMBER 17, 1993 — ▇▇▇▇▇

*Christopher Townley*, for appellant.
*Ralph L. Van Pelt, Jr., District Attorney, Grover Hudgins, Assistant District Attorney*, for appellee.