## A98A1420. VICKERS v. THE STATE.
### (507 SE2d 810)

MCMURRAY, Presiding Judge.

Defendant was charged in an indictment with two counts of violating the Georgia Controlled Substances Act, by "unlawfully possess[ing] Cocaine" (Count 1) and by "unlawfully possess[ing] Marijuana, in an amount less than one ounce" (Count 2). The evidence adduced at his jury trial revealed the following: Lucius Turner Solomon, Jr., "chief custodian of all records for the [Georgia] Department of Public Safety," identified State's Exhibit 1 as the form "to notify a licensee[, i.e., defendant] of a suspension that has been placed on his record." This notification was personally served on defendant by Trooper Waddell Brown, Jr. "on the 26th day of December, 1994."

Approximately one year later, at 8:38 a.m. on December 19, 1995, Officer Randell L. Hoagland of the Gwinnett County Police Department initiated a traffic stop of "a blue Mazda with a broken windshield [on] Jimmy Carter Boulevard. . . ." Defendant told Officer Hoagland "that he had left his license . . . at home that particular day." Officer Hoagland requested "a check through NCIC and [defendant's] license came back as being suspended." Defendant was arrested and placed in the patrol car. Officer Hoagland "called for a wrecker to come by to pick the vehicle up, and at that time [Officer Hoagland] conducted [an] impound inventory on the vehicle." During this inventory search of the vehicle, Officer Hoagland found "a small bag of what appeared to be marijuana, green leafy substance, and also another plastic little bag that had numerous amounts of roaches, burnt cigarette ends of what appeared to be marijuana. [He] also found a pack of rolling papers and a pair of hemostat type scissors." Officer Hoagland had no recollection of handling the cocaine found in defendant's car.

Lisa Andrzejewski, a crime scene technician with the Gwinnett County Police Department, identified State's Exhibit 4 as the bag of "evidence [she] received [on January 16, 1996, with] Officer Hoagland['s] request [that she] test for marijuana." This contained "two packages, . . . along with hemostat scissors and cigarette papers." One Ziploc bag [had] some burnt . . . [marijuana] cigarette butts in it[, which Andrzejewski] did not test . . . because of the burnt resi-

due. . . . And the other package [was] a small green Ziploc bag, and it also has green leafy material. . . . [State's Exhibit 3] is a small package [Andrzejewski discovered] when the green Ziploc bag was opened. . . . [She] found [this] in between the green leafy material such that it was not visible from the outside. . . . [So] when [Andrzejewski] opened the green Ziploc bag to test the green leafy material [she] found this [State's Exhibit 3] in there[, i.e.,] a small white substance." Andrzejewski "laid the small package aside and notified Officer Hoagland . . . [because] on the evidence sheet [State's Exhibit 1] it just shows the contents of this package [without] including the white material."

Ricky Collins, a former evidence technician with the Gwinnett County Police Department "notif[ied] Officer Hoagland because of the additional material that was found inside the bag; therefore Officer Hoagland came . . . that morning to rebag the items because of the two different substances. . . . [Andrzejewski] doesn't do any testing on any substance except [suspected] marijuana there on the premises. . . . So that [white, chunky material] had to be bagged separately so that it could be [sent to the State Crime Laboratory]." Officer Hoagland rebagged the other item, in a "new property bag [with] the new information on [it, while Ricky Collins] put the Crime Lab number . . . and the case number." ·

The green leafy material tested positive for marijuana. Charles W. Bevill, a forensic chemist for the Georgia Bureau of Investigation Crime Laboratory identified State's Exhibit 3 as a "plastic bag which contained a lumpy material, . . . received on January 19, 1996, from Officer Middleton from the Gwinnett County Police Department." He "found the material to be positive for cocaine, a Schedule II substance, less than one gram of material."

Defendant testified, admitting he had in an old gym bag what he called "shake marijuana. Kind of like when you get the last bowl of cereal from a box of cereal, that powdery substance at the bottom, that's like shake. . . . The bag of marijuana that [defendant] had was virtually empty. It was just some of that shake. It was [not] enough to even roll a joint." Defendant denied possessing any cocaine, first, because he does not use cocaine. Second, there was "such a small amount [of marijuana in the plastic bag] that there is no way [it would conceal] something [the size of the crack cocaine]. . . ." Nevertheless, the jury found defendant guilty of possession of cocaine and also guilty of possession of marijuana. His motion for new trial was denied, and this appeal followed. *Held*:

1. Defendant first enumerates the denial of his motion to suppress the contraband found in his vehicle, arguing the stop was pretextual and his arrest was without probable cause.

The trial court's findings as to disputed facts in ruling on a

motion to suppress will be reviewed to determine whether the ruling was clearly erroneous. *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474). At the suppression hearing, defendant's testimony was that the officer was unable to give him a reason for the traffic stop until after the officer inspected the car and noticed the crack in the windshield. He also argued it was physically impossible for the officer to see the crack in the windshield from across several lanes of traffic. Consequently, he argues the stop was pretextual and invalid.

But Officer Hoagland testified he initiated the traffic stop of defendant's vehicle because it had a broken windshield. When asked for his driver's license, defendant stated "that he had left [it] at home. . . . [A] check though NCIC [indicated] the driver's license came back suspended. It also had a served date on him. At that point [Officer Hoagland] brought [defendant] back to [the] patrol car and placed [defendant] under arrest for driving on a suspended license." Officer Hoagland then "did an impound inspection on the vehicle. As [he] was going through the vehicle conducting the impound [inspection], that's when [he] came across a small baggie of [what appeared to be] burnt roaches or marijuana cigarettes inside a gym bag."

OCGA § 40-8-73 (e) provides: "No motor vehicle shall be operated with a windshield or rear window having a starburst or spider webbing effect greater than three inches by three inches." "The stop of a vehicle is authorized, and not pretextual, if the officer observed a traffic offense. *O'Keefe v. State*, 189 Ga. App. 519 (1) (376 SE2d 406) (1988); see also *Hartley v. State*, 159 Ga. App. 157 (1) (282 SE2d 684) (1981)." *Gossett v. State*, 199 Ga. App. 286 (1) (a) (404 SE2d 595). In the case sub judice, the evidence supports the trial court's conclusion that the stop of defendant's vehicle was not pretextual but was authorized, based upon an observed traffic violation. It follows that defendant was lawfully detained during the license check. *Kingree v. State*, 228 Ga. App. 71, 72 (2) (491 SE2d 123). He was then properly arrested based upon probable cause that he was driving while his license was suspended. *McCullough v. State*, 211 Ga. App. 16 (438 SE2d 369). The subsequent search of the vehicle, yielding the baggie containing suspected marijuana, is justified by the reasonable decision to impound the vehicle. *Newman v. State*, 216 Ga. App. 73, 74 (1) (453 SE2d 117). Consequently, the denial of defendant's motion to suppress is not clearly erroneous and is affirmed.

2. Next, defendant contends the trial court erred in admitting the cocaine discovered in the baggie with the suspected marijuana, over a "chain of custody" objection. He argues the chain of custody was broken because Officer Hoagland never knowingly turned over the cocaine discovered by Andrzejewski when she first opened the baggie of suspected marijuana, and because Officer Hoagland did not remember rebagging the exhibits in the presence of Collins.

" 'Where the State seeks to introduce evidence of a fungible nature, it must show a chain of custody which is adequate to preserve the identity of the evidence as that seized and show that there has been no tampering or substitution.' *Staples v. State*, 209 Ga. App. 802, 805 (5) (434 SE2d 757). The State is not required to show that the substance was guarded every minute. *Sims v. State*, 213 Ga. App. 151 (1), 152 (444 SE2d 121)." *Morrow v. State*, 229 Ga. App. 242, 244 (2) (493 SE2d 616).

In the case sub judice, there is no material discrepancy in weight, as would authorize the inference that the cocaine was added to the baggie of marijuana sometime after Officer Hoagland turned the baggie over to the evidence custodian, nor is there any physical manifestation of tampering or unauthorized opening as would compromise the integrity of routine procedures for identifying unique exhibits. See *Langham v. State*, 196 Ga. App. 71 (1) (395 SE2d 345). Although Officer Hoagland does not remember rebagging the cocaine discovered by Andrzejewski, Ricky Collins testified this occurred in his presence. While it is obvious that one of the witnesses has faulty recollection on this particular point, "none of the points argued by [defendant] amounts to evidence of tampering or casts any doubt on the identity of the exhibits so as to amount to a broken chain of custody. There being, at most, bare speculation of tampering or substitution [due to the discovery of additional contraband], the trial court correctly admitted the [cocaine] into evidence." (Citations and punctuation omitted.) *Brinson v. State*, 208 Ga. App. 556, 557 (2) (430 SE2d 875).

3. The evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) to authorize the jury's verdicts that defendant is guilty, beyond a reasonable doubt, of possessing the cocaine and marijuana (less than one ounce) discovered in his car, as alleged in the indictment. *Semelis v. State*, 228 Ga. App. 813, 816 (2) (493 SE2d 17).

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 29, 1998.

*Christopher T. Adams*, for appellant.
*Daniel J. Porter, District Attorney, Donald P. Geary, Assistant District Attorney*, for appellee.