## A99A0488. VOYLES v. THE STATE.
(517 SE2d 113)

POPE, Presiding Judge.

Teresa Ann Voyles was convicted of possessing methamphetamine with intent to distribute. She appeals from the conviction, challenging the trial court's denial of her motion to suppress evidence. The challenge is without merit.

1. "On reviewing a trial court's ruling on a motion to suppress, evidence is construed most favorably to uphold the findings and judgment and the trial court's findings on disputed facts and credibility must be accepted unless clearly erroneous." (Citations and punctuation omitted.) *Fritzius v. State*, 225 Ga. App. 642, 644 (484 SE2d 743) (1997).

Construed most favorably to uphold the trial court's findings and judgment, the evidence in the instant case shows Appalachian Drug Task Force Agent Carlton Chester obtained a search warrant for Voyles' house. On the day the warrant was to be executed, Lumpkin County Sheriff's Investigators Anne Martin and Stacy Jarrard were keeping Voyles under surveillance from the time she left her work place until she arrived at her home. Investigators Martin and Jarrard saw Voyles leave work in her van. As they followed her, Voyles drove into a Wal-Mart parking lot and parked. Investigators Martin and Jarrard stopped their car nearby and, when Voyles got out of the van, asked to see her identification and proof of insurance. While the investigators spoke with Voyles, Agent Chester and another Appalachian Drug Task Force member, Agent Evans, arrived in the parking lot. Agent Chester told Voyles he suspected that there were drugs in her vehicle and asked for permission to search it. Voyles consented to a search. Agent Evans then searched the vehicle and found four bags of methamphetamine.

Voyles argues the investigators had no reasonable suspicion to stop her in the Wal-Mart parking lot and thus her subsequent consent to the search of the van was tainted. But contrary to Voyles' argument, the investigators' approach did not rise to the level of a stop that needed to be supported by reasonable suspicion.

> There are three tiers of police-citizen encounters: (1) communication between police and citizens involving no coercion or detention and therefore without the compass of the Fourth Amendment, (2) brief seizures that must be supported by reasonable suspicion, and (3) full-scale arrests that must be supported by probable cause. In the first level, police officers may approach citizens, ask for identification, and freely question the citizen without any basis or belief that the citizen is involved in criminal activity, as long as

the officers do not detain the citizen or create the impression that the citizen may not leave.

(Citations and punctuation omitted.) *McClain v. State*, 226 Ga. App. 714, 716 (1) (487 SE2d 471) (1997).

In the instant case, the police did not stop Voyles' van; rather she stopped and parked it of her own volition. When Voyles voluntarily got out of the vehicle, Investigators Martin and Jarrard did not detain her. Instead, they merely approached Voyles and asked for identification without creating the impression that she could not leave; they were driving an unmarked police car without blue lights flashing, did not have weapons drawn, did not tell Voyles she could not leave, did not handcuff her or place her in their car or otherwise restrict her movement. When Agents Chester and Evans arrived in their unmarked police car, they also did nothing to detain Voyles. Agent Chester did not tell Voyles she could not leave, but simply asked for permission to search the van. Voyles was free to refuse the request and leave the scene. Compare *State v. Crank*, 212 Ga. App. 246 (441 SE2d 531) (1994).

"The actions of an officer approaching a stopped vehicle, requesting to see a driver's license, and inquiring about possible criminal or suspicious activity clearly fall within the realm of the first type of police-citizen encounter and do not amount to a stop. [Cits.]" *McClain v. State*, 226 Ga. App. at 716-717 (1). Because the officers' communications with Voyles were within the realm of the first tier of police-citizen encounters and did not amount to a stop, they did not need to be supported by reasonable suspicion of criminal activity. Consequently, Voyles' consent to the search of her van was valid and not tainted by an illegal stop. The trial court therefore did not err in ruling that evidence of the drugs found in the van during the valid consensual search was admissible. See *Taylor v. State*, 230 Ga. App. 749, 751-752 (1) (e) (498 SE2d 113) (1998); *Garcia v. State*, 207 Ga. App. 653-656 (1) (428 SE2d 666) (1993).

2. Voyles concedes in her brief that her remaining enumerations of error are premised on her argument that evidence of the methamphetamine found in the van should have been suppressed due to the illegal search of her van. Based on our holding in Division 1 that the search was legal and the methamphetamine evidence was admissible, it necessarily follows that Voyles' remaining enumerations of error are without merit.

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED MAY 4, 1999.

*B. Dean Grindle, Jr.*, for appellant.

*N. Stanley Gunter, District Attorney, Lynn Akeley-Alderman, Assistant District Attorney*, for appellee.