A00A1161. CLARK et al. v. THE STATE.
(535 SE2d 506)

JOHNSON, Chief Judge.
  Following a bench trial, Christopher Clark was found guilty of possession with the intent to distribute marijuana. He challenges the denial of his motion to suppress three pounds of marijuana found after the car in which he was a passenger was impounded. Because the officers were justified in stopping the car and arresting Clark and the driver of the car, Clark's challenge lacks merit.
  The evidence shows that an undercover narcotics officer was inside a house purchasing a large quantity of marijuana while several other officers were watching outside of the house. The individual selling the marijuana informed the officer that someone would be arriving soon with the marijuana. Five minutes later, the undercover officer saw car lights through the window, and the seller stated, "here he is" and then went outside.
  Surveillance Officers Dong and Cook observed an individual leave the house, approach a gray car that had entered the driveway, talk to the car's occupants, and then return to the house. Neither officer observed any drug exchange because the individual had his back to them and blocked their view. When the seller returned from outside, he immediately handed the undercover officer a bag of marijuana. He then stated that his supplier had more in the car and asked the undercover officer if he wanted to do another deal. When the undercover officer noticed lights moving out of the driveway, he asked to use the telephone, called Sergeant Minter, and told the sergeant that he believed there was more marijuana in the car that just left and to follow and attempt a traffic stop on the vehicle.
  Sergeant Minter radioed Officers Dong and Cook and told them they needed to keep an eye on the gray car because the undercover officer advised him that the deal was a "go," indicating that the drug transaction had taken place. According to Officer Cook, the officers suspected that the marijuana was brought to the house in the gray

car because the car was there only a few minutes, they received word shortly after the car left that it was a "go," and Sergeant Minter advised the officers to follow the vehicle out of the area prior to making the traffic stop. Officer Cook testified that Sergeant Minter made the decision to stop the gray car but told the officers to follow the vehicle out of the area prior to making the stop. Officer Cook later testified, however, that he could not recall if Sergeant Minter or Officer Dong made the decision to stop the car.

Officer Dong testified that he did not know the car had more marijuana inside; he was concerned with retrieving the money used to buy the drugs. Officer Dong decided to stop the car because the drug deal occurred after the car arrived at the house, someone from the house met with the car's occupants, and, after the individual returned to the house, the officers were advised that the deal had occurred. His observations, coupled with Sergeant Minter's radio message to maintain surveillance on the gray car because the deal was a "go," led Officer Dong to stop the car.

Officers Dong and Cook followed the gray car out of the area and radioed a marked unit to make the traffic stop "based on the information that we had that this was a supplier for the marijuana that [the undercover officer] purchased." The car did not stop when the officer in the marked police car signaled with his blue lights, so Officer Dong drove in front of the gray car and forced it to stop. Officers Dong and Cook arrested the driver of the car while the officer in the marked unit arrested Clark, who was a passenger in the car. The marijuana which is the subject of the motion to suppress was seized after the car was impounded.

Clark maintains that the marijuana should be suppressed because there was a "break" in probable cause; the officers who stopped the car were not directed to stop the car and were not informed that the car contained contraband. According to Clark, the combined effect of these two omissions is that the two surveillance officers independently decided to make the traffic stop when they did not have the information upon which probable cause to make the stop was based. We find no error.

The Fourth Amendment has been interpreted to allow a warrantless search of an automobile by one officer where the facts which would support probable cause are known by another officer.[1] The searching officer need not personally be aware of all the facts which would support a probable cause determination:

> so long as it can be established by evidence that the searching officer's actions were the end result of a chain of infor-

---

[1] *Westfelt v. State*, 192 Ga. App. 791, 792 (386 SE2d 542) (1989).

mation-sharing, one link of which is an officer in possession of the information requisite to support an independent judicial assessment of probable cause.[2]

There is no requirement that the officer making the stop have all the information the original officer had about a suspect.[3] In addition, factual and credibility determinations made by a trial judge after a suppression hearing are accepted by this Court unless clearly erroneous.[4]

In the present case, a review of the complete transcript supports the trial court's finding that Officers Dong and Cook, based on their personal observations and experience, had probable cause to believe that drugs were in the car and that the car should be stopped. However, even if this finding was erroneous, the trial court properly denied Clark's motion to suppress because the actions of Officers Dong and Cook were the end result of a chain of information sharing, one link of which is the undercover narcotics officer's possession of information supporting probable cause.

The evidence shows that the undercover narcotics officer clearly had probable cause to believe that the car contained contraband. He was told that someone would be arriving with the marijuana; he saw a car enter the driveway; the seller stated "here he is" and went outside; the seller immediately handed the undercover officer a bag of marijuana when he returned from outside; and the seller stated his supplier had more in the car. Officers Dong and Cook, as part of a coordinated effort, acted on the information they personally observed and the information gathered by the undercover officer. The trial court properly denied Clark's motion to suppress the seized marijuana.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JUNE 5, 2000.

*Patrick D. Deering*, for appellants.
*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.

---

[2] (Citations and punctuation omitted.) Id.; see also *Waldrip v. State*, 205 Ga. App. 864, 865 (424 SE2d 31) (1992); *Parker v. State*, 161 Ga. App. 37, 40 (4) (288 SE2d 852) (1982).

[3] *Beck v. State*, 216 Ga. App. 532, 535 (1) (455 SE2d 110) (1995).

[4] *State v. Leviner*, 213 Ga. App. 99 (1) (443 SE2d 688) (1994).