A01A0396. COX v. THE STATE.
(550 SE2d 127)

MILLER, Judge.

After a bench trial, James M. Cox was convicted of driving with a suspended license in violation of OCGA § 40-5-121 (a). Raising four related enumerations of error challenging his stop and arrest, Cox appeals his conviction.

The evidence showed that a police officer patrolling on foot in a shopping center observed Cox, with an elderly female passenger, drive up to a bank. The pair entered the bank, and the elderly female attempted to withdraw a large amount of money. The bank manager became suspicious and, as the couple left, asked the officer to question the woman. Just before the two entered their vehicle, the officer

---

approached and began to question the woman. Cox continually interrupted and answered questions for her. The officer then asked Cox for identification, and Cox provided his driver's license, which the officer determined was suspended. Cox was immediately arrested.

Cox argues that the officer did not have reasonable suspicion to stop him and further did not have probable cause to arrest him. It is well established that an officer may approach citizens to make inquiries and ask for identification.[1] This is not a stop but a first level police-citizen encounter that does not require reasonable suspicion.[2] Here, the officer's initial approach and request for identification did not require reasonable suspicion,[3] and once the officer, after observing Cox operate a vehicle, determined that Cox's license was suspended, probable cause for arrest was established.[4]

Thus, the court did not err in finding probable cause for the arrest or in denying Cox's motions for new trial and to dismiss.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED JUNE 12, 2001.

*Shirley Reed*, for appellant.
*Joseph J. Drolet, Solicitor-General, Meka B. Ward, Assistant Solicitor-General*, for appellee.

---

[1] *Ransom v. State*, 239 Ga. App. 501, 503 (1) (a) (521 SE2d 430) (1999); *State v. Day*, 237 Ga. App. 771, 772 (1) (516 SE2d 822) (1999).

[2] *State v. Kaylor*, 234 Ga. App. 495, 496-497 (507 SE2d 233) (1998).

[3] *Davis v. State*, 237 Ga. App. 890, 891 (517 SE2d 115) (1999).

[4] See *McCullough v. State*, 211 Ga. App. 16, 18 (438 SE2d 369) (1993); cf. *Lovell v. State*, 178 Ga. App. 366, 367 (1) (343 SE2d 414) (1986).