### A01A2384. MIJARES v. THE STATE.
(556 SE2d 927)

MILLER, Judge.

Jose Angel Mijares appeals the denial of his motion to suppress evidence and his ensuing conviction after a stipulated bench trial of trafficking in methamphetamine. He contends that (1) the State failed to establish venue, (2) the search of his person was invalid, and (3) certain testimony was inadmissible hearsay. We discern no error and affirm.

Viewed in the light most favorable to the court's ruling,[1] the record shows that a detective with the City of McDonough Police Department, through the use of a confidential informant, arranged to buy drugs from Mijares. At the specified location, with Mijares standing beside his parked car, an officer working in tandem with the detective approached Mijares and asked him if he could talk to him. Mijares answered affirmatively. The officer then asked him if he could pat him down and again received an affirmative response. The

---

[6] OCGA § 40-6-395 (a).

[7] *Davis v. State*, 235 Ga. App. 10, 11 (1) (507 SE2d 827) (1998).

[1] See *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994).

officer then felt a large bulge in a pocket and asked permission to remove the contents of the pocket, which was given. Upon removal, the contents appeared to the officer to be a large quantity of methamphetamine.

1. Mijares first contends that the State failed to prove venue in Henry County. The detective testified, however, that "[t]he location [for the buy] was described to be at the Mo-Joe's Chicken on Jonesboro Road, which is in the city of McDonough, Henry County, Georgia." The detective's further testimony and the testimony of the cooperating officer were to the effect that all of the operative facts occurred at that location. Accordingly, this enumeration is without merit.

2. Mijares argues that the trial court erred in denying his motion to suppress the evidence removed from his pocket. As we recently stated in *State v. Ledford*,[2] however,

> [i]n Georgia, we recognize three levels of police-citizen encounters: In the first level, police officers may approach citizens, ask for identification, and freely question the citizen without any basis or belief that the citizen is involved in criminal activity, as long as the officers do not detain the citizen or create the impression that the citizen may not leave. This tier provides no Fourth Amendment protection.[3]

As we also noted in *Ledford*, "it is well established that an officer's approach to a stopped vehicle and inquiry into the situation are not a stop or seizure but rather clearly fall within the realm of the first type of police-citizen encounter."[4] "Further, we have found that requests to search made during the course of a first level police-citizen encounter do not transform such encounter into a second tier *Terry* stop: 'it is clear that merely requesting consent for a search is not a seizure and does not require articulable suspicion.' "[5] In *Ledford*, as here, "[t]he [officer] asked for multiple consents to search. [The defendant] voluntarily consented to each search requested."[6]

3. Mijares contends that the trial court erred in allowing the detective to testify as to what the confidential informant, who did not testify, told him Mijares said during phone conversations between

---

[2] 247 Ga. App. 412, 413-414 (1) (a) (543 SE2d 107) (2000).

[3] (Footnote omitted.) Id.

[4] (Punctuation and footnote omitted.) Id. at 414 (1) (a).

[5] (Footnote omitted.) Id.

[6] Id. See also *Stovall v. State*, 251 Ga. App. 7, 9-10 (1) (553 SE2d 297) (2001) (first-tier encounter where officer approached already-stopped driver, made inquiry, and obtained consents, successively, for pat-down, removal — by driver — of pocket contents, and search of wallet).

the confidential informant and Mijares. Even assuming this to be inadmissible hearsay, however, we hold that it is entirely cumulative of the testimony of the cooperating officer regarding his encounter with Mijares and Mijares's successive consents to talk, be patted down, and allow removal of the contents of his pocket.[7] Accordingly, any error in the admission of this testimonial evidence was harmless.[8]

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED DECEMBER 6, 2001 — ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Sexton & Morris, Ricky W. Morris, Jr.*, for appellant.
*Tommy K. Floyd, District Attorney, James L. Wright III, Thomas R. McBerry, Assistant District Attorneys*, for appellee.

---

[7] See *Wilbanks v. State*, 251 Ga. App. 248, 256-257 (6) (554 SE2d 248) (2001).
[8] Id.
[1] See OCGA § 34-9-11.
[2] 183 Ga. App. 554 (359 SE2d 370) (1987).