A02A2382. HUTTO v. THE STATE.
(576 SE2d 616)

RUFFIN, Presiding Judge.

Following a bench trial, Floyd Hutto was convicted of driving under the influence of alcohol and operating an unregistered vehicle. He appeals, arguing that the trial court erred in denying his motion to suppress. For reasons that follow, we affirm.

In reviewing the ruling on Hutto's motion, we construe the evidence in the light most favorable to the trial court's judgment.[1] Viewed in this light, the evidence shows that around midnight on

---

[1] See *Stokes v. State*, 238 Ga. App. 230 (518 SE2d 447) (1999).

April 7, 2001, Officer Robert White noticed Hutto on a motorcycle parked alongside Highway 316 in Barrow County. Although the motorcycle engine was running, the vehicle was stationary.

White believed that the motorcycle "was a traffic hazard to oncoming traffic, because [it] was sitting no more than a foot from the edge of the road" and was difficult to see. Concerned, he activated his blue lights and pulled behind the motorcycle "to see if [he] could offer some assistance to [Hutto]," whom he thought might be having mechanical problems. White approached the motorcycle and asked Hutto "if there was anything wrong." At that point, White detected a heavy odor of alcohol on Hutto's breath and noted that Hutto's eyes were bloodshot and watery. White then asked Hutto to perform several field sobriety tests. When Hutto failed to complete those tests satisfactorily, White arrested him.

On appeal, Hutto argues that the trial court should have suppressed the evidence gathered by Officer White because White stopped him without any reasonable suspicion of wrongdoing. We find no error.

Georgia recognizes three distinct levels or tiers of police-citizen encounters: "verbal communications which involve no coercion or detention; brief 'stops' or 'seizures' which must be accompanied by a reasonable suspicion; and 'arrests' which can only be supported by probable cause."[2] In a first-tier verbal encounter, a police officer may approach a citizen, "ask for identification, and freely question the citizen without any basis or belief that the citizen is involved in criminal activity, as long as the officer[ ] [does] not detain the citizen or create the impression that the citizen may not leave."[3] As we have consistently held, "an officer's approach of a stopped vehicle and inquiry as to what is going on" constitutes a first-tier communication, rather than a "stop" or "seizure" requiring reasonable suspicion.[4]

Officer White's actions in this case clearly fall within the first level of police-citizen contact. Construed favorably to the trial court's judgment, the evidence shows that White simply approached and offered aid to a motorist stopped — and potentially stranded — on a highway. We recognize that White activated his blue police lights as he pulled behind Hutto. But, given the late hour, the hazard presented by vehicles parked on the side of a dark highway, and White's offer of assistance, this fact did not create the impression

[2] *State v. Folk*, 238 Ga. App. 206, 207 (521 SE2d 194) (1999).

[3] *Mijares v. State*, 252 Ga. App. 804, 805 (2) (556 SE2d 927) (2001).

[4] (Punctuation omitted.) *State v. Underwood*, 257 Ga. App. 893, 895 (572 SE2d 394) (2002). See also *Mijares*, supra; *State v. Ledford*, 247 Ga. App. 412, 414 (1) (a) (543 SE2d 107) (2000); *Folk*, supra; *Stokes*, supra at 232.

that Hutto could not leave.[5] The record also contains no evidence that White threatened, coerced, or restrained Hutto in any way during this initial encounter.[6] On the contrary, White testified that Hutto could have driven away at that point.[7]

Despite Hutto's claims on appeal, White did not need reasonable suspicion to offer him assistance. And once White smelled alcohol on Hutto's breath and saw his bloodshot, watery eyes, White had sufficient grounds " 'to conduct an investigative inquiry to determine whether [Hutto] was engaged in criminal activity, e.g., driving under the influence.' "[8] Accordingly, the trial court did not err in denying Hutto's motion to suppress.

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED JANUARY 15, 2003.

*Benjamin C. Free*, for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney*, for appellee.

---

[5] See *Davidson v. State*, 257 Ga. App. 260, 262-263 (1) (a) (570 SE2d 698) (2002) (although officer activated blue lights for safety when he stopped behind defendant's car on highway, evidence showed that officer's approach was solely to determine if defendant needed assistance and thus constituted a first-tier encounter); see also *Hudgins v. State*, 188 Ga. App. 798, 799 (1) (374 SE2d 566) (1988) (physical precedent only) ("We can find no fault with law enforcement officials offering assistance to a stopped motorist, and absent any evidence to the contrary, we will not assign an ulterior or improper motive to an officer inquiring of a stopped motorist if he is having any difficulty.").

[6] See *Stokes*, supra at 233; Cf. *State v. Smith*, 137 Ga. App. 101, 102 (223 SE2d 30) (1975) (police officer "seized" the defendant by approaching the defendant in his parked car and instructing defendant to roll down the window or open the car door).

[7] During cross-examination by defense counsel, White noted that if Hutto had driven away, he would have stopped him for a traffic violation. Although White did not specify the violation, he testified on direct examination that Hutto's motorcycle lacked a taillight. Once a traffic violation occurs, an officer has grounds to make a traffic stop. See *Wrigley v. State*, 248 Ga. App. 387, 393 (5) (546 SE2d 794) (2001).

[8] *McClain v. State*, 226 Ga. App. 714, 718 (1) (487 SE2d 471) (1997). See also *Crosby v. State*, 214 Ga. App. 753, 755 (449 SE2d 147) (1994).