A03A0730. CARRERA v. THE STATE.
(584 SE2d 2)

MILLER, Judge.

Following a stipulated bench trial, Manuel Carrera was convicted of possessing marijuana with intent to distribute and of possessing oxycodone. He appeals, arguing that the trial court erred in denying his motion to suppress the evidence he gave police during an allegedly illegal traffic stop. We affirm the ruling of the trial court, holding that evidence supported the court's findings that (i) there was no stop and (ii) Carrera voluntarily gave the evidence to police.

The testimony at the motion to suppress hearing was conflicting. Accordingly, we construe the evidence in favor of upholding the trial court's judgment and affirm its findings of fact if there is any evidence to support them. *Tate v. State*, 264 Ga. 53, 54 (1) (440 SE2d 646) (1994); see *Brittian v. State*, 257 Ga. App. 729-730 (572 SE2d 76) (2002).

So construed, the evidence showed that at approximately 1:00 a.m. on June 22, 2001, Carrera was sitting in the front passenger seat of a stopped car that was parked on a gravel driveway with its back to the edge of some woods. The car's lights were off. A companion sat in the driver's seat.

Three officers approached the stopped car, and one saw Carrera place something down his pants near his crotch. From outside the vehicle, an officer asked the driver if they could search the driver's person and his vehicle, to which the driver consented. This officer then asked the driver and Carrera to step outside the vehicle so that the search could go forward. When Carrera stepped from the vehicle, a second officer saw an abnormal bulge in Carrera's crotch area and asked if he could search Carrera and further asked what was in his crotch area. Carrera responded, "I'll show you," and pulled a plastic bag containing contraband from his pants' crotch area and gave it to police.

Carrera was arrested and charged with (i) possession of marijuana with intent to distribute and (ii) possession of oxycodone. He moved to suppress the evidence seized by police, claiming that the stop was illegal. Following an evidentiary hearing, the trial court denied the motion to suppress, finding that no stop had occurred and that Carrera had voluntarily given the evidence to police in a police-citizen encounter unprotected by the Fourth Amendment. A stipulated bench trial ensued, resulting in Carrera's conviction on both counts. Carrera challenges the denial of his motion to suppress.

"Georgia recognizes three distinct levels or tiers of police-citizen encounters: verbal communications which involve no coercion or detention; brief stops or seizures which must be accompanied by a reasonable suspicion; and arrests which can only be supported by probable cause." (Punctuation and footnote omitted.) *Hutto v. State*, 259 Ga. App. 238, 239 (576 SE2d 616) (2003); see *McClain v. State*, 226 Ga. App. 714, 716 (1) (487 SE2d 471) (1997). The first tier "provides no Fourth Amendment protection." (Punctuation and footnote omitted.) *State v. Ledford*, 247 Ga. App. 412, 414 (1) (a) (543 SE2d 107) (2000). We have consistently held that during a first-tier encounter, "merely requesting consent for a search is not a seizure and does not require articulable suspicion." *Stokes v. State*, 238 Ga. App. 230, 232 (518 SE2d 447) (1999); see *Palmer v. State*, 257 Ga. App. 650, 652 (1) (572 SE2d 27) (2002) (even without basis for sus-

pecting person, police may request consent to search so long as they do not convey that compliance is required); *Mijares v. State*, 252 Ga. App. 804, 805 (2) (556 SE2d 927) (2001) (requests to search during a first-tier encounter do not convert such to a second-tier stop); *Ledford*, supra, 247 Ga. App. at 414 (1) (a) (same). Indeed, in the first-tier encounter, police may approach citizens, ask for identification, ask for consent to search, and otherwise freely question the citizen without any basis or belief of criminal activity so long as the police do not detain the citizen or convey the message that the citizen may not leave. *Ledford*, supra, 247 Ga. App. at 413-414 (1) (a); see *Stokes*, supra, 238 Ga. App. at 232; *Voyles v. State*, 237 Ga. App. 886-887 (1) (517 SE2d 113) (1999); *McClain*, supra, 226 Ga. App. at 716 (1).

Whether an encounter qualifies as a first-tier encounter is a mixed question of fact and law for the trial court. We will sustain the trial court's findings of fact if there is any evidence to support them. *McClain*, supra, 226 Ga. App. at 717 (1); see *Brittian*, supra, 257 Ga. App. at 730-732. Here the evidence supported the trial court's finding that police at night approached a stopped, parked car with its lights off. "It is well established that an officer's approach to a stopped vehicle and inquiry into the situation [are] not a 'stop' or 'seizure' but rather clearly fall[ ] within the realm of the first type of police-citizen encounter." (Citation and punctuation omitted.) *Stokes*, supra, 238 Ga. App. at 232; accord *Hutto*, supra, 259 Ga. App. at 239; see *Mijares*, supra, 252 Ga. App. at 805 (2) (police approaching parked car is first-tier encounter); *Voyles*, supra, 237 Ga. App. at 887 (1) (same). As in *Voyles*, police did not give Carrera and his companion the impression that they could not leave; "they were driving an unmarked police car without blue lights flashing, did not have weapons drawn, did not tell [Carrera he] could not leave, did not handcuff [him] or place [him] in their car or otherwise restrict [his] movement." Id. at 887. Police simply asked the driver for consent to search his person and his car and, upon receiving consent, asked both men to step from the car so that the search could proceed. See *Stokes*, supra, 238 Ga. App. at 232 (asking an individual to step from a vehicle for safety reasons is a permissible action not rising to the level of a seizure). An officer then asked Carrera for permission to search his person and to explain the abnormal bulge in his pants' crotch area. He immediately responded by offering to show the officer the reason for the bulge and voluntarily produced the contraband from his pants.

As the evidence showed no coercion or detention by police, the trial court had grounds to find that this was not a stop. Thus, the court correctly held that it was a first-tier encounter that did not require an articulable suspicion. Carrera's claim that some evidence showed that their car was blocked in by the officers' unmarked car

was disputed and found incredible by the trial court. As evidence supported the trial court's factual findings, which showed that this was a first-tier encounter, the trial court did not err in denying the motion to suppress.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED MAY 7, 2003 —
RECONSIDERATION DENIED JUNE 20, 2003.

*Bruce S. Harvey, David S. West, Jennifer S. Hanson*, for appellant.

*Jason J. Deal, District Attorney, Norris S. Lewis, Assistant District Attorney*, for appellee.