## A04A1371. EDGE v. THE STATE.
(603 SE2d 502)

JOHNSON, Presiding Judge.

A jury found Barry Edge guilty of possession of methamphetamine and driving with a suspended license. He appeals from the convictions entered on the verdict, challenging the denial of his motion to suppress evidence obtained during an encounter with police. His challenge is without merit, so we affirm his convictions.

In reviewing a ruling on a motion to suppress, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.[1]

The uncontroverted evidence in this case shows a police officer responded to a call to investigate a disturbance involving the repossession of a car at an apartment complex. As the officer drove into the parking lot, he pulled in behind a Nissan being driven by Edge. The officer watched Edge back his car into a parking space, get out of the car, and walk toward the apartment units. The officer believed that Edge was headed toward the area involved in the disturbance call, and that he might be involved in that situation. Intending to identify Edge and make sure he was not involved in the disturbance, the officer requested that Edge come to him. When Edge kept walking, the officer said "hey," and again requested that he stop. This time, Edge stopped and walked back toward the officer. The officer asked Edge for identification. Edge appeared to be nervous and was putting his hands in and out of his pockets while he purportedly searched for his identification. After initially claiming he left his driver's license in the car, Edge told the officer that he did not have a license. At this point, the officer decided to detain Edge for driving without a license and in order to check the status of his license. The license check revealed that Edge's license was suspended. The officer placed Edge under arrest for driving with a suspended license. He searched Edge incident to the arrest, and found two bags of methamphetamine in Edge's pants pocket.

Edge maintains that the trial court should not have allowed the state to introduce as evidence the methamphetamine seized from his person because the officer lacked articulable suspicion to justify the stop, detention, and ensuing interrogation. The trial court did not err in denying the motion to suppress.

---

[1] *State v. Murphy*, 246 Ga. App. 246 (540 SE2d 231) (2000).

A police officer may approach a citizen, ask for identification, and question the citizen without any basis or belief that the citizen is involved in criminal activity, as long as the officer does not detain the citizen or create the impression that the citizen may not leave.[2] Here, the officer called out to Edge (who turned around and approached the officer), and then asked to see Edge's driver's license. This was a first level encounter, not a stop or seizure requiring reasonable suspicion.[3] It was a verbal communication involving no coercion or detention which restrained Edge's liberty.[4]

That the officer called out to Edge twice does not change our analysis. The record is silent as to why Edge failed to respond to the first request. There is no evidence that the officer threatened, coerced or restrained Edge in any way during the encounter.[5] The officer was authorized to ask Edge to stop and show identification. When the officer learned that Edge had no driver's license, and the officer had just seen him driving a car, the officer had probable cause to arrest Edge for driving without a license.[6] And, once he arrested Edge, the officer was authorized to search him incident to arrest.[7] The trial court did not err in denying Edge's motion to suppress.[8]

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED AUGUST 11, 2004.

*Barry V. Smith*, for appellant.

*Leigh E. Patterson, District Attorney, Natalee L. Staats, Assistant District Attorney*, for appellee.

---

[2] *Celestin v. State*, 255 Ga. App. 792, 793-794 (1) (567 SE2d 82) (2002).

[3] See *Hutto v. State*, 259 Ga. App. 238, 239 (576 SE2d 616) (2003); *Cox v. State*, 250 Ga. App. 69, 70 (550 SE2d 127) (2001).

[4] See *Hutto*, supra; *Alexander v. State*, 166 Ga. App. 233, 234 (2) (303 SE2d 773) (1983).

[5] See *Hutto*, supra.

[6] See *Grabowski v. State*, 234 Ga. App. 222, 225 (4) (507 SE2d 472) (1998) (arrest was valid based on clear probable cause that defendant was driving without a license).

[7] See *Polke v. State*, 241 Ga. App. 891, 893 (2) (528 SE2d 537) (2000).

[8] See *Cox*, supra.